Patricia M. BUSBY, Plaintiff,

v.

**QUAIL CREEK GOLF AND COUNTRY CLUB, Defendant.**

No. 82074.

Supreme Court of Oklahoma.

June 7, 1994.

Rehearing Denied Oct. 11, 1994.

G. Neal Rogers, Oklahoma City, for plaintiff.

Reggie N. Whitten, Glynis C. Edgar, Tom L. King, Jeff R. Beeler, Oklahoma City, for defendant.

KAUGER, Justice.

The issue presented by the question certified is whether a cause of action exists against a commercial vendor who negligently sells beer to a minor [1] if the minor suffers alcohol-related injuries after drinking the beer. We find that a commercial vendor is prohibited by statute from selling beer to minors. If the minor is injured as the result of the vendor's negligence after consuming beer purchased from the vendor, the minor may have a cause of action against the vendor.

**FACTS**

On July 22, 1990,[2] Patricia M. Busby (Busby/minor), an eighteen-year-old North Carolina resident, attended a party at the Quail

---

1. A minor for purposes of alcoholic and nonintoxicating beverage control statutes and as utilized in this opinion is defined as a person under the age of twenty-one. Title 37 O.S.1991 § 537, see note 11, infra. Title 37 O.S.1991 § 241, see note 3, infra. Although the statutes refer to 3.2% beer as a nonintoxicating beverage, 37 O.S.1991 § 163.2, see note 3, infra, the question of whether a person is intoxicated is not controlled by the type of beverage they drink, rather their amount

of blood alcohol level. Title 47 O.S.1991 §§ 756 and 11–902, see note 6, infra.

2. In the original complaint, Busby states that the injury occurred on or about July 22, 1990. However, in her motion for summary judgment, Busby states the party was held on July 21, 1990. Apparently, the party actually began in the early evening hours on July 21, 1990, and she was not injured until the early morning hours of July 22, 1990.

Creek Golf and Country (country club). The party was composed almost exclusively of people under the age of twenty-one. The sponsors of the party contracted with the country club to provide food and beverages, including wine and beer. The attendees were checked for identification upon entering the country club, and those who were twenty-one were marked with an "X" on the back of the hand. Busby neither presented identification nor received an "X" on the back of the hand when she arrived at the party. However, an unauthorized marker was passed around at some point in the evening; and Busby may have received a mark on the back of her hand.

The country club served beer and wine from *open, unrestricted* tables throughout the evening in violation of 37 O.S.Supp.1990 § 241.[3] Busby, after drinking beer from the tables, in violation of 37 O.S.Supp.1990 § 246,[4] stepped backwards and fell over a second floor balcony railing to the marble floor below.[5] Upon arrival at the hospital, Busby had a .21 blood alcohol level.[6]

On June 16, 1992, Busby filed a complaint against the country club in the United States District Court of the Western District of Oklahoma. Busby alleged that she negligently was served beer which resulted in her injuries. She further alleged that the country club was negligent *per se* because it violated both local ordinances and state law which prohibit serving beer to a minor. The country club filed a motion for summary judgment requesting that the trial court find that it was entitled to judgment as a matter of law because: 1) Busby's voluntary intoxication prevented any civil liability; 2) any dangerous condition of the country club was open and obvious; and 3) not only did the balcony railing comply with all applicable building codes, there was no defect in the condition of the railing. Finding no Oklahoma precedent to resolve the questions of law, the trial court certified the question to this Court pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1991 § 1601 et seq.

## A COMMERCIAL VENDOR IS PROHIBITED BY STATUTE FROM SELLING BEER TO MINORS. IF THE MINOR IS INJURED AS THE RESULT

3. Title 37 O.S.Supp.1990 § 241 provides in pertinent part:
"A. It shall be unlawful for any person to sell, barter, or give to any person under twenty-one (21) years of age any nonintoxicating beverage, as defined in Section 163.2 of this title.
B. It shall be unlawful for any person who holds a license to sell and dispense nonintoxicating beverages for consumption on the premises ... to permit any person under twenty-one (21) years of age to be admitted to or remain in a separate or enclosed bar area of the licensed premises ...
C. Any person violating the provisions of subsection A or B of this section shall upon conviction be guilty of a misdemeanor."
Section 241 was amended effective Sept. 1, 1991. The new statute remains identical except that it is now a misdemeanor for license holders to permit underage persons to consume nonintoxicating beverages on the licensed premises.
Title 37 O.S.Supp.1990 § 163.2 provides in pertinent part:
"(a) 'Nonintoxicating beverages' means and includes beverages containing more than one-half of one percent ($\frac{1}{2}$ of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer ...".
The 1991 version remains unchanged.

4. Title 37 O.S.Supp.1990 § 246 provides in pertinent part:
"A. No person under twenty-one (21) years of age shall (1) consume or (2) possess with intent to consume nonintoxicating beverages, as defined in Section 163.2 of this title, in any public place. It shall be unlawful for any person under twenty-one (21) years of age to purchase or attempt to purchase nonintoxicating beverages, as defined in Section 163.2 of this title, except under supervision of law enforcement officers. Any person violating any of the provisions of this section shall be guilty, upon conviction, of a misdemeanor and punished by a fine not to exceed One Hundred Dollars ($100.00) or by appropriate community service not to exceed twenty (20) hours...."
The 1991 version remains unchanged. Title 37 O.S.Supp.1990 § 163.2, see note 3, supra.

5. The railing was a 32 and ¼ inch decorative wall that surrounded on opening in the second floor which opened directly onto the first floor.

6. Title 47 O.S.1991 §§ 756 and 11–902 define anyone with a blood or breath alcohol concentration of at least ten-hundredths (0.10) as under the influence of alcohol.

OF THE VENDOR'S NEGLIGENCE AFTER CONSUMING BEER PURCHASED FROM THE VENDOR, THE MINOR MAY HAVE A CAUSE OF ACTION AGAINST THE VENDOR.

Busby argues that an injured minor has a right to bring an action against a commercial vendor who wrongfully and negligently provides beer to a minor. The country club contends that when the consumer-inebriate is the injured person, the minor's voluntary intoxication relieves the country club from any liability.

 Courts may recognize a cause of action where they conclude that a defendant owes a duty of care to the plaintiff. In such cases, the standard of conduct is that of a reasonably prudent person under the same or similar circumstances.[7] If, however, there are criminal or regulatory statutes which delineate the defendants conduct, courts may adopt the conduct required by the statutes as that which would be expected of a reasonably prudent person—providing courts believe the statutorily required conduct is appropriate for establishing civil liability.[8] When courts adopt the statutory standard for a cause of action for negligence, the violation of the statute is said to be negligence *per se*.[9] The violation of a statute constitutes negligence *per se* if the other elements of negligence are present. To establish negligence *per se* on the basis of a statutory violation the party must establish that: 1) the injury was caused by the violation; 2) the injury was of a type intended to be prevented by the statute; and 3) the injured party was of the class meant to be protected by the statute.[10]

In *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300, 304 (Okla.1986), we held that a vendor who sold intoxicating beverages to a minor for on-the-premises consumption was under a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person who later injured a third person.[11] We also held that even if a breach of duty occurred, a plaintiff was required to show that the illegal sale of alcohol led to the impairment of the ability of the driver and that the impairment was a proximate cause of the injury.

Five years later, in *Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508, 512 (Okla.1991), this Court refused to extend *Brigance* to an adult consumer who was injured in a one-car accident after having been served alcohol at a bar. The adult brought suit against the bar alleging that the tavern served him alcoholic

7. *Miller v. City of Portland*, 288 Or. 271, 604 P.2d 1261, 1264 (1980).

8. *Id.*, 604 P.2d at 1264.

9. *Id.*

10. *Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508, 510 (Okla.1991); *Boyles v. Oklahoma Natural Gas Co.*, 619 P.2d 613, 618 (Okla.1980).

11. We noted that a breach of duty constituted a public offense under 37 O.S.Supp.1985 § 537 which provides in pertinent part:
"A. No person shall:
1. Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;
2. Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person or to any person who has been adjudged insane or mentally deficient...."
Title 37 O.S.Supp.1985 § 506 provides in pertinent part:
"... 3. 'Alcoholic beverage' means alcohol, spirits, beer, and wine as those terms are de-

fined herein and also includes every liquid or solid, patented or not, containing alcohol, spirits, wine or beer and not capable of being consumed as beverages by human beings, but does not include nonintoxicating beverages as that term is defined in Section 163.2 of this title.
4. 'Beer' means any beverage containing more than three and two-tenths percent (3.2%) of alcohol by weight...."
Title 37 O.S.Supp.1985 §§ 537 and 506 were amended effective June 15, 1991, and July 1, 1990, respectively; however the pertinent parts remain the same as the 1991 version. Title 37 O.S.Supp.1990 § 163.2 see note 3, supra. In *Sanders v. Crosstown Market, Inc.*, 850 P.2d 1061, 1063 (Okla.1993), we recognized that while 37 O.S.1991 § 537 prohibits the sale of alcoholic beverages to minors, the section did not apply to 3.2% beer because 3.2% beer is not defined as an alcoholic beverage. Instead, 37 O.S.1991 § 241, see note 3, supra, applies when 3.2% beer is involved.

beverages although he was noticeably intoxicated in violation of 37 O.S.1991 § 537.[12] Following the reasoning of the majority of states, we refused to extend the duty of the tavern owner to the adult customer who voluntarily consumed intoxicants and injured himself. Left open by *Todd*, was the question of whether we would recognize a cause of action against the vendor had the consumer-inebriate been a minor, rather than an adult.

Last year, we revisited the issue of sale of beer to minors to address the question of whether the holding in *Brigance* extended to commercial vendors who sold beer to a minor for off-the-premises consumption. In *Tomlinson v. Love's Country Stores, Inc.*, 854 P.2d 910 (Okla.1993), a convenience store vendor, who apparently knew that the minors intended to drink while driving, sold beer to three minors. The vehicle crashed and one of the minors, a passenger, was killed. Citing cases which support the holding of *Brigance*, we found that vendors who illegally sell beer to minors could be found liable regardless of whether consumption was on-

or off-the-premises of the vendor. Based on the reasoning in *Brigance*, we held in *Tomlinson*, that commercial vendors have a duty not to sell beer to persons under the age of twenty-one.[13]

Although we have held that the sale of beer to a minor which results in injury to a third person is actionable, we have not previously addressed the issue of whether this duty would extend to a minor who violates the law in purchasing or consuming beer, voluntarily consumes intoxicants, and injures himself/herself. Other jurisdictions have addressed the issue of whether a commercial vendor has a duty to a minor who violates the law in purchasing and consuming beer and is later injured. A few jurisdictions have not abrogated the common law rule of nonliability. They refuse to find a commercial vendor liable for selling alcohol or beer to a minor who is injured after drinking beer.[14] However, the majority of states allow a cause of action against a commercial vendor on behalf of a minor who voluntarily drinks to the point of intoxication and is thereby injured.[15] Most of these jurisdictions do not

---

12. Title 37 O.S.1991 § 537, see note 11, supra.

13. Because *Tomlinson* involved the sale of beer, title 37 O.S.1991 § 241, see note 3, supra, applied. See discussion note 11, supra.

14. *Winters v. Silver Fox Bar*, 71 Haw. 524, 797 P.2d 51, 53–54 (1990) (Reasoning it would be inconsistent to allow a common law and/or statutory cause of action when a minor's conduct is also statutorily prohibited.); *Miller v. City of Portland*, see note 7, 604 P.2d at 1265, supra; *Sheehy v. Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 543 N.Y.S.2d 18, 541 N.E.2d 18, 21–22 (1989) (It would be incompatible with the enforcement mechanism chosen by the Legislature to judicially create an action where legislation has not previously addressed it.); Some jurisdictions refuse liability on the theory that dram shop acts provide exclusive remedies; therefore, no cause of action exists. *Nutting v. Zieser*, 482 N.W.2d 424, 425 (Iowa 1992); *Ruth v. Benvenutti*, 114 Ill.App.3d 404, 70 Ill.Dec. 335, 449 N.E.2d 209, 210–11 (1983); *Verdusco v. Miller*, 138 Mich.App. 702, 360 N.W.2d 281, 283 (1984); Other courts refuse to vary from the common law rule of non-liability, even though the state has statutes prohibiting the sale of alcohol to minors. *Mills v. City of Overland Park*, 251 Kan. 434, 837 P.2d 370, 374–75 (1992); *Pelzek v. American Legion*, 236 Neb. 608, 463 N.W.2d 321,

323 (1990); *Milligan v. County Line Liquor, Inc.*, 289 Ark. 129, 709 S.W.2d 409, 410 (1986); *Bell v. Alpha Tau Omega Fraternity*, 98 Nev. 109, 642 P.2d 161, 162 (1982); *Steedley v. Huntley's Jiffy Stores, Inc.*, 209 Ga.App. 23, 432 S.E.2d 625, 626 (1993).

15. We note at the outset that some cases do not factually involve the sale of beer to only one minor who injured himself/herself as in the present case. However, in these particular cases, courts address the liability of commercial vendors and find a duty to both a minor who injures himself/herself and to a minor who is considered a third party because they were a passenger in a vehicle. These courts rely on either the common law or a statute, or both, to find the existence of a duty upon which to base a cause of action. *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61, 68 (1990) (Illegal sale by vendor to minor gives rise to a cause of action in favor of purchaser or third party because Legislature, in prohibiting sale of beer to minors, recognized that minors are less capable of handling the intoxicative and addictive effects of alcohol.); *Bissett v. DMI, Inc.*, 220 Mont. 153, 717 P.2d 545, 547 (1986) (Violation of alcohol beverage control statutes by vendor in serving a minor was evidence of negligence and supported a claim in favor of minor who injured herself.); *Morris v. Farley Enterprises, Inc.*, 661 P.2d 167, 171 (Alas-

distinguish between injured minor passengers and minors who purchase alcohol or who are served alcohol and later injure themselves.[16]

■ The states which have recognized the imposition of the duty to protect minors from the effects of alcohol have generally concluded, as a matter of public policy, that minors as a class are incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol. A statutory duty is imposed because legislatures, when enacting statutes prohibiting the sale of beer to minors and prohibiting minors from purchasing or possessing beer seek to protect, in part, the minors from the effects of alcohol. The fact that minors violate statutes when purchasing or consuming beer does not preclude a cause of action—because as between the seller and the minor—it is the seller who is the responsible party in the action. The vendor can facilitate the protection of minors by attempting to determine the age of the consumer and by refusing to sell to minors. Here, we are not faced with a social host situation. The public regulates and licenses commercial vendors to sell and distribute alcohol for profit. The public has a right to demand that a commercial vendor act more prudently and with greater duty towards minors than is asked of a private person who hosts a party.

■ We agree with jurisdictions which allow a cause of action against a commercial vendor on behalf of a minor who voluntarily drinks to the point of intoxication and is thereby injured, regardless of whether the minor violated statutes in attempting to purchase or to consume beer. The Legislature, recognizing the foreseeable danger to both third parties and to minors who injure themselves, has taken specific steps to treat minors differently from adults by preventing minors from consuming and possessing alco-

ka 1983) (Vendor is liable for selling alcohol to minor, regardless of whether the suit is brought by an innocent third party or the intoxicated minor. Complicity of minor's action as a party to the illegal sale of liquor does not preclude an action because the purpose of the statute prohibiting the sale of alcohol to minors is to protect minors from the effects of alcohol.); *Brannigan v. Raybuck*, 136 Ariz. 513, 667 P.2d 213, 216–17 (1983) (Commercial vendor is under both a common law and a statutory duty to minors, including driver and passengers who were served beer because statutes prohibiting the sale of alcohol to minors protect both the minor and third parties.) (Subsequently, Arizona also enacted dramshop statute which recognizes liability toward minors, but not for adults.); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550–51 (Tenn.1981) (Public policy is to prevent minors from purchasing, possessing or imbibing alcoholic beverages. Legislature, to carry out this policy, expressly forbids vendor to sell to minors and forbids minors under penalty of law to purchase alcoholic beverages.); Statutes prohibiting the sale of intoxicants to minors give rise to a cause of action in favor of the minor. *Davis v. Shiappacossee*, 155 So.2d 365, 367 (Fla.1963); *Puglia v. Drinks on The Beach, Inc.*, 457 So.2d 519, 521 (Fla.App. 2 Dist.1984); *Young v. Caravan Corp.*, 99 Wash.2d 655, 663 P.2d 834, 838 (1983) (Persons under twenty-one are neither physically nor mentally equipped to handle the consumption of liquor and are a protected class under the Liquor Act.); *Porter v. Ortiz*, 100 N.M. 58, 665 P.2d 1149, 1150 (Ct.App.1983) (Recognizing that duty owed to third party who was injured by a minor who had been served contrary to Liquor Control Act also applied when the minor, and not a third party, is injured.); *Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333, 336–37 (Mo.App.1980) (Although later superseded by statute, held that a violation of a statute gave rise to a cause of action; however, minors violation of statutes prohibiting possession or consumption could constitute contributory negligence.); *Ross by Kanta v. Scott*, 386 N.W.2d 18, 22 (N.D.1986) (Recognized liability under dram shop act when penal statute prohibiting sale of alcohol was violated.) Other courts allowing vendor liability when minors who purchased alcohol were injured passengers in a vehicle follow the same reasoning—broad prohibitions against minors are intended to protect minors from their own folly. *Bryant v. Alpha Entertainment Corp.*, 508 So.2d 1094, 1097 (Miss.1987); *Munford, Inc. v. Peterson*, 368 So.2d 213, 217 (Miss.1979); *Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508, 512 (1987); *Pike v. George*, 434 S.W.2d 626, 629 (Ky 1968); *Chausse v. Southland Corp.*, 400 So.2d 1199, 1203 (La.App.1981).

16. This Court did make a distinction between an adult driver and an adult passenger who was injured in *Ohio Cas. Ins. v. Todd*, see note 10 at 511–512, supra; however when a minor is involved most jurisdictions do not make such a distinction, see note 15, supra.

hol.[17] We believe that 37 O.S.1991 § 241,[18] which prohibits selling beer to a minor and 37 O.S.1991 § 246,[19] which prohibits minors from consuming and possessing beer, constitute legislative recognition of the foreseeable danger to both third parties and to minors who injure themselves. As a matter of public policy, minors as a class are incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol.

In *Ohio Cas. Ins. Co. v. Todd,* 813 P.2d 508, 512 (Okla.1991), we addressed whether a violation of 37 O.S.1991 § 537[20] amounted to negligence *per se.* We found that: 1) the purpose behind section 537(A)(2) was to protect innocent third parties who were injured by intoxicated persons; 2) the intoxicated adult was excluded from the class of persons meant to be protected by the statute; and 3) the violation of the section was not negligence *per se.* However, *Todd* involved an adult rather than a minor. In *Todd,* we found nothing in the statutes regulating the sale of alcohol, which indicated that the legislature intended to protect the intoxicated adult who, by his/her own actions injured himself/herself. Here, in finding a cause of action under the facts presented we recognize that the legislature has taken precautions to treat minors differently than adults and to prevent minors from obtaining alcohol.[21]

In *Tomlinson v. Love's Country Stores, Inc.,* 854 P.2d 910, 917 (Okla.1993) we recognized that the minor in *Brigance* was a passenger who had been drinking, yet under

*Todd* he was an innocent third party. We noted that a jury could conclude that even if the minor in *Tomlinson* had also been drinking as a passenger, he was an innocent third party subject to negligence defenses. The holding in *Tomlinson* indicates that the harm to be prevented by 37 O.S.1991 § 241[22] includes injuries from accidents caused by the minor's intoxication whether the injury was to himself/herself or third parties.

■ Analysis of the majority of cases which allow a cause of action against a commercial vendor who sells beer or alcohol to a minor when the minor is injured after drinking the beer, reveals that these cases recognize that statutes prohibiting the sale of beer to minors and prohibiting minors from purchasing or possessing beer seek to protect the minor as well as innocent third parties. Accordingly, we find that minors are within the class of persons that 37 O.S.1991 § 241 is intended to protect and that injury to a minor as the result of drinking beer is exactly what was intended to be prevented by the statute. Violation of this statute constitutes negligence *per se.*

■ However, if the statutory standard of conduct were applied rigidly, a vendor selling alcohol or beer to a minor might be held to have breached the duty even though the minor produced false identification. While a vendor is not relieved of the duty because the minor violated the law in attempting to purchase beer, in *Tomlinson v. Love's Country Stores, Inc.,* 854 P.2d 910,

---

17. Title 37 O.S.1991 § 241, see note 3, supra. Title 37 O.S.1991 § 246, see note 4, supra. Title 37 1991 § 537, see note 11, supra. Title 21 O.S.1991 § 1215 makes it unlawful for persons under 21 to possess intoxicating beverages over 3.2%. Title 37 O.S.1991 § 538 provides criminal penalties for a person under the age of twenty-one to misrepresent their age or presenting false documentation of age to induce any person to sell or serve them alcohol.

18. Title 37 O.S.1991 § 241, see note 3, supra.

19. Title 37 O.S.1991 § 246, see note 4, supra.

20. Title 37 O.S.1991 § 537, see note 11, supra.

21. See discussion at note 17, supra. In *Sanders v. Crosstown Market, Inc.,* see note 11, at 1064,

supra, the majority held that a minor, who obtained beer from another minor who had purchased the beer from the grocery store, could not recover from the store for her injuries. The sale of beer was not held to be negligence per se because: 1) the plaintiff child was not within the class of persons sought to be protected by 37 O.S.1991 § 241, see note 3, supra; and 2) the majority found that the injury was causally remote from the sale. *Sanders* is distinguishable on the facts because, here, the vendor furnished beer directly to the injured minor.

22. Title 37 O.S.1991 § 241, see note 3, supra.

915 (Okla.1993) we held that a *prima facie* showing of the breach of duty may be rebutted by demonstrating that the purchaser appeared to be of age and that the vendor used reasonable means of identification to ascertain the minor's age. Similarly, under the negligence *per se* doctrine, unless a statute is construed to impose an absolute duty, its violation may be excused when the defendant was unable after reasonable diligence to comply.[23] A vendor may be able to show such a violation is excusable if it can establish that the purchaser appeared to be of age and that the vendor used reasonable means of identification to ascertain the minors age. Accordingly, we hold that where negligence exists as a matter of law if a commercial vendor violates 37 O.S.1991 § 241,[24] under proper facts a jury may find the violation excusable.[25]

▇ The public policy of protecting minors from alcohol requires that the *Brigance* and *Tomlinson* teachings be recognized to extend vendor liability under the facts presented. In *Brigance*, we recognized that the development of the law of torts is peculiarly a function of the judiciary. Because duty and liability are matters of public policy, they are subject to the changing needs of society.[26] Accordingly, we find that a commer-

cial vendor is prohibited by statute from negligently selling beer to minors. This principle is consistent with legislative attempts to prevent intoxicated persons from driving.[27]

▇ The statutory duty of refraining from selling or furnishing liquor to persons—who by reason of immaturity or previous overindulgence—may lack full capacity of self-control and may therefore injure themselves is imposed on a commercial vendor. If beer is negligently sold to a person under the age of twenty-one, the vendor has breached this duty. If the minor, after consuming the beer negligently sold by the vendor is injured as a result thereof, the minor has an actionable claim against the vendor. Nevertheless, where a defendant breaches a duty imposed by statute, the plaintiff is required to show that the violation of the statute was the direct cause of the injury.[28]

▇ The question of causation in a negligent tort case is one of fact for the jury. It becomes one of law only when there is no evidence from which the jury could reasonably find a casual link between the negligent act and the injury or where the facts are undisputed.[29] A jury could find that the injury from the breach of the duty is reason-

---

**23.** *Brannigan v. Raybuck,* see note 15, 667 P.2d at 217, supra. The Restatement of Torts § 288A provides in pertinent part:

"(1) An excused violation of a legislative enactment or an administrative regulation is not negligence.
(2) Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when ...
(c) he [the actor] is unable after reasonable diligence or care to comply...."

**24.** Title 37 O.S.1991 § 241, see note 3, supra.

**25.** Unexcused violations will continue to be considered as negligence *per se* and will require a jury instruction to that effect. *Brannigan v. Raybuck,* see note 15, 667 P.2d at 217, supra. However, when evidence of an excuse is presented, an appropriate instruction should be given in lieu of the standard negligence *per se* instruction. See e.g. *Nichols v. Sonneman,* 91 Idaho 199, 418 P.2d 562, 569 (1966).

**26.** *Brigance v. Velvet Dove Restaurant, Inc.,* 725 P.2d 300, 303 (1986).

**27.** The Legislature has taken steps to prevent drunk driving by holding the intoxicated person criminally liable. Title 47 O.S.1991 § 11–902 makes it unlawful to drive under the influence of alcohol or other intoxicating substances. Title 47 O.S.1991 § 11–904 subjects persons involved in accidents while driving in violation of Section 902 to criminal sanctions. Title 47 O.S.1991 § 761 provides criminal sanctions for operating a vehicle while impaired by consumption of alcohol.

**28.** OUI, 2d Civ. No. 9.10. OUI, 2d, Civ. No. 9.6 defines direct cause as a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.

**29.** *Hampton By And Through Hampton v. Hammons,* 743 P.2d 1053, 1057 (Okla.1987).

ably foreseeable and the direct cause of the injury. A vendor is not relieved of the duty because the minor violated the law in attempting to purchase beer. However, a jury may also conclude that the minor was also at fault by attempting to purchase or by consuming beer in violation of the law.[30]

## CONCLUSION

Under the facts presented and Oklahoma law, a commercial vendor is under a duty established by statute to refrain from negligently selling beer to minors.[31] This duty is consistent with jurisdictions which recognize that minors are treated differently than adults. As a matter of public policy, minors as a class are incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol. The Legislature, when enacting statutes prohibiting the sale of beer to minors and prohibiting minors from purchasing or possessing beer seek to protect, in part, the minors from the effects of alcohol. The fact that the minor violated the law when purchasing or consuming beer does not prevent a cause of action because as between the seller and the minor, it is the seller who is the responsible party in the action. The vendor can facilitate the protection of minors by attempting to determine the age of the consumer and by refusing to sell to minors.

Question Answered.

LAVENDER, V.C.J., and SIMMS, OPALA, ALMA WILSON and WATT, JJ., concur.

**30.** Although we do not attempt to or deem it necessary to exhaustively list them, there are jurisdictions which refuse to allow any consideration of the purchaser's contributory fault. See, *Chausse v. Southland,* see note 15 at 1203, supra. However, the Oklahoma Legislature has adopted comparative negligence, 23 O.S.1991 § 13, which no longer completely bars a plaintiff from recovery if the plaintiff is partially at fault. Furthermore, the Legislature provides penalties to minors who purchase or consume beer, see notes 4 and 17, supra. While a cause of action is allowed because the vendor is the more responsible party when the vendor illegally sells beer to a minor and a minor illegally purchases it, we recognize that the minor is not completely faultless. The capacity and judgment of a minor plaintiff to act responsibly is put in issue merely by the fact that the minor was not of legal age when the minor purchased and used the beer.

HARGRAVE, J., concurs in result.

HODGES, C.J., and SUMMERS, J., concurs in part, dissents in part.

*Brookins v. The Round Table, Inc.,* see note 15 at 550, supra. Therefore, the vendor could raise the defense of comparative negligence. However, if the conduct of the vendor is found to be willful, wanton, or intentional, then fault must not be apportioned between the parties. *Tomlinson v. Loves Country Stores, Inc.,* 854 P.2d 910, 917 (Okla.1993); *Graham v. Keuchel* 847 P.2d 342, 361–363 (Okla.1993).

**31.** Having determined that a negligence action against a commercial vendor arises by virtue of an alleged violation of the statute prohibiting the sale of beer to minors, we do not find it necessary to address whether a common law cause of action would exist against a commercial vendor independent of the alleged statutory violation.