2011 OK CIV APP 70

Arthur L. BEEN, Jr., Plaintiff/Appellant,

v.

MK ENTERPRISE, INC. d/b/a Snarky's Hideaway Bar, and Theodore A. Massey, Defendants/Appellees,

and

Cheryl C. Taylor, Defendant.

No. 108,505.

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 24, 2011.

Certiorari Denied May 2, 2011.

Arthur L. Been, Jr., Lawton, Oklahoma, Pro se.

David F. Howell, Midwest City, Oklahoma, for Appellees.

JANE P. WISEMAN, Judge.

¶ 1 Arthur L. Been, Jr., appeals from the trial court's July 8, 2010, order granting summary judgment in favor of MK Enterprise, Inc. d/b/a Snarky's Hideaway Bar (MKE) and Theodore A. Massey.[1] This case proceeds pursuant to Supreme Court Rule 1.36, 12 O.S. Supp.2010, ch. 15, app. 1, without additional appellate briefing. Having reviewed the record and applicable law, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Been was sentenced in 2007 to serve concurrent terms for assault with a dangerous weapon, malicious injury/destruction of property, obstructing a police officer, and public intoxication following an altercation on property in Midwest City owned by MKE-a bar referred to in the record by a variety of names including Hideaway, Hideaway Club, and the Hideaway Bar.

¶ 3 According to the record below, Been was a customer at Hideaway on March 3, 2006. Cheryl Taylor was also a customer at the bar, and Massey was working that night as a bartender. Been and Massey dispute how much alcohol Been was served that night, but Massey agrees that Been was visibly intoxicated. At some point, due to Been's conduct, Massey asked Been to leave.

¶ 4 Shortly after Been left the building, Massey heard yelling in the parking lot through the bar's surveillance system and went outside to find Been arguing with a woman later identified as Taylor. Massey attempted to intervene, when, according to Massey and Taylor, Been pulled out a knife and made stabbing motions at Massey and then at Taylor. The police were called and

---

1. Defendant Cheryl C. Taylor filed a separate motion for summary judgment which was sustained by the trial court on May 21, 2009. She is not a party to the instant appeal.

Been was charged with the various offenses for which he is now incarcerated.[2]

¶ 5 In January 2007, Been filed a civil suit against Massey and Taylor for perjury (malicious prosecution)[3] and against Massey and MKE as Massey's employer for negligence in serving him low-point beer while he was noticeably intoxicated in violation of 37 O.S. 2001 § 247. Been alleges that without the negligence of Massey and MKE, he would not be incarcerated.

¶ 6 Been filed a motion for summary judgment contending that a plain reading of the low-point beer statute entitled him to judgment as a matter of law. MKE and Massey then filed a joint motion for summary judgment arguing that, based on the undisputed facts, Been had no claim for damages for his incarceration based on his assertion of negligence arising from the on-premises sale of alcohol. Massey and MKE also argued that Been failed to state a claim on which relief could be granted and, even if his allegations were taken as true, no conduct on their part was the proximate cause of his incarceration. After a hearing on the competing motions, the trial court issued an order granting the motion for summary judgment of MKE and Massey and denying Been's motion without stating specific reasons for its decision.

¶ 7 On appeal, Been asserts two propositions of error: (1) the trial court erred when it failed to set forth findings of fact and conclusions of law as he requested "and as required by Title 12 O.S. § 611" and (2) the trial court abused its discretion[4] when it "failed to recognize and apply the plain language of the statute as set forth in Title 37 O.S. § 163.18G."

## STANDARD OF REVIEW

¶ 8 Summary judgment is properly granted "when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Leitner,* 1989 OK 146, ¶ 9, 782 P.2d 924, 926. "Summary relief is permissible where neither the material facts nor any inferences that may be drawn from uncontested facts are in dispute, and the law favors the movant's claim or liability-defeating defense." *Reeds v. Walker,* 2006 OK 43, ¶ 8, 157 P.3d 100, 106. Appellate courts bear the same duty as trial courts to test for legal sufficiency all evidentiary material received in support of the summary relief sought by the movant. *Id.* at ¶ 9, 157 P.3d at 106. A party is entitled to summary judgment only if the court concludes that there is no material fact in dispute and the law favors the movant's claim or defense. *Id.* Because summary judgment settles only questions of law, we review such rulings "by a *de novo* standard pursuant to the plenary power of the appellate courts and without deference to the trial court." *Glasco v. State ex rel. Okla. Dep't. of Corrs.,* 2008 OK 65, ¶ 8, 188 P.3d 177, 181.

■■■ ¶ 9 "[A] judicial determination that no material evidence exists in the trial court record to support a claim or defense is a determination of an issue of law that is reviewed *de novo.*" *Christian v. Gray,* 2003 OK 10, n. 21, 65 P.3d 591. Whether the trial court erred when it failed to enter findings of fact and conclusions of law also presents a question of law. *De novo* review is "plenary, independent, and non-deferential." *In re Estate of Jackson,* 2008 OK 83, ¶ 9, 194 P.3d 1269, 1272.

## ANALYSIS

¶ 10 For his first proposition of error, Been contends the trial court erred in denying his request for findings of fact and conclusions of law filed pursuant to 12 O.S.2001 § 611. Section 611 provides:

*Upon the trial of questions of fact by the court,* it shall not be necessary for the court to state its findings, except generally,

---

2. Been was sentenced after a *nolo contendere* plea and a negotiated plea agreement.

3. Been conceded in the court below that no basis existed for the perjury/malicious prosecution claim and that issue is not before us on appeal.

4. We note this is not the correct standard as discussed in the following section.

for the plaintiff or defendant, unless one of the parties request [*sic*] it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state, in writing, the findings of fact found, separately from the conclusions of law.

(Emphasis added.)

¶ 11 In his motion for summary judgment, Been asked "that the Court do a finding of facts and conclusion of law, pursuant to 12 O.S. § 611." After reviewing this statute and the case law arising from it, we conclude that the statute's plain language and its legislative purpose make it clear that it does not apply to the summary process. Section 611 applies to bench trials or hearings of disputed fact issues: the object of § 611 is to enable a non-prevailing party to take exception to a trial court's rulings. *Gaddis v. City of Bartlesville*, 1990 OK 36, ¶ 24, 790 P.2d 1108, 1115 (quoting *Coleman v. James*, 1917 OK 601, ¶ 16, 67 Okla. 112, 169 P. 1064, 1067) ("The object of the statute is to enable the parties to have placed on the record the facts upon which the rights litigated depend ... so that exceptions may be taken....").

¶ 12 It is incumbent on the court in the summary adjudication process to scrutinize the record to determine whether there are material facts in dispute, whether arising directly or by inference; it is strictly contrary to proper summary judgment process for any court to decide disputed material fact questions. *See Cranford v. Bartlett*, 2001 OK 47, ¶¶ 2–3, 25 P.3d 918, 920. The entry of summary judgment pursuant to Rule 13 of Rules for the District Courts, 12 O.S. Supp. 2010, ch. 2, app., resolves only questions of law. *See Rox Petroleum, L.L.C. v. New Dominion, L.L.C.*, 2008 OK 13, ¶ 2, 184 P.3d 502, 504. We conclude that § 611 is not applicable to trial court resolution of motions for summary judgment.[5] On the record before us, we find no error in the trial court's failure to issue written findings of fact and conclusions of law pursuant to 12 O.S.2001 § 611.

¶ 13 For his second proposition of error, Been asserts the trial court abused its discretion when "it failed to recognize and apply the plain language of the statute as set forth in Title 37 O.S. § 163.18G" and denied his motion for summary judgment[6] and granted judgment to Massey and MKE. As noted in the previous section, we review the trial court's grant of summary judgment not for abuse of discretion, but *de novo*, that is, without deference to the trial court's decision or reasoning.

¶ 14 Title 37 O.S.2001 § 163.18G reads as follows:

Any aggrieved person shall have a cause of action for violations of the provisions of the Low–Point Beer Distribution Act and Section 231 of this title and may recover damages or obtain injunctive relief or both.

¶ 15 Been asserts that he was incarcerated because Defendants violated 37 O.S.2001 § 247, a provision of the Low–Point Beer Distribution Act which states, in relevant part: "No holder of a retail license or permit to sell low-point beer, or an employee or agent of a holder of such a license or permit, shall knowingly, willfully and wantonly sell, deliver or furnish low-point beer to an intoxicated person." The statute provides criminal and administrative penalties for violations of this provision.

¶ 16 Been's argument is that Massey and MKE, as Massey's employer, violated § 247 by serving him low-point beer when he was intoxicated and that he was incarcerated as a result of Defendants' negligence in violating the statute. He asserts that he is, therefore, an "aggrieved person" under § 163.18G of the statute and thus entitled in a civil suit to recover damages for his incarceration. He seeks money damages at "$1500.00 per day" of incarceration.

---

5. Been does not contend that the trial court erred in its reliance on or denial of any particular fact or facts, but that it erred as a matter of law in concluding, with the facts as presented, that there was no legal basis to permit recovery. Nor does he claim any prejudice or hardship as a result of the trial court's failure to issue written findings and conclusions, or that such failure hindered his ability to file this appeal.

6. The trial court's denial of a motion for summary judgment, in and of itself, is not reviewable on appeal. *See Myers v. Missouri Pac. R.R.*, 2002 OK 60, ¶ 39, 52 P.3d 1014, 1034.

■ ¶ 17 Been does not urge separate claims for common law negligence and negligence *per se*, but under either analysis his argument cannot succeed. The elements of common law negligence are: "(1) the existence of a duty on [the] part of defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom." *Brigance v. Velvet Dove Rest., Inc.*, 1986 OK 41, ¶ 7, 725 P.2d 300, 302 (quoting *Sloan v. Owen*, 1977 OK 239, ¶ 7, 579 P.2d 812, 814). To establish a valid negligence claim, all three elements must be present. *See Consolidated Grain & Barge Co. v. Structural Sys., Inc.*, 2009 OK 14, n. 8, 212 P.3d 1168.

¶ 18 The Oklahoma Supreme Court, in deciding whether an intoxicated driver could maintain a claim for his own injuries against a tavern owner, stated plainly that no such duty exists:

> In the absence of harm *to a third party*, the act of serving an alcoholic beverage to an intoxicated adult customer and allowing the customer to exit the establishment does not constitute a breach of duty which is actionable in common law negligence.

*Ohio Cas. Ins. Co. v. Todd*, 1991 OK 54, ¶ 19, 813 P.2d 508, 512 (emphasis added).

■ ¶ 19 In the instant case, as in *Todd*, Been is not a *third party* allegedly harmed by a violation of the statute, but a first party intoxicated adult seeking damages for harm to himself. The Supreme Court in *Todd* describes *Brigance* as creating a "cause of action for innocent third parties, and should not be stretched to include a situation wherein the inebriate sues for his own injuries." *Id.* at ¶ 5, 813 P.2d at 509. We find nothing in the low-point beer statute directing us in the present case to a different conclusion than that reached in *Todd*, and nothing as a matter of law to constitute a breach of duty to support a negligence claim. Without the existence of a duty owed to Been and a breach of that duty, no valid negligence claim exists.[7]

■ ¶ 20 In order to establish a viable claim for negligence *per se*, a plaintiff must prove the following elements: (1) "the injury was caused by the violation" of the statute or ordinance; (2) "the injury was of a type intended to be prevented by the statute;" and (3) "the injured party was of the class meant to be protected by the statute." *Busby v. Quail Creek Golf and Country Club*, 1994 OK 63, ¶ 6, 885 P.2d 1326, 1329.

¶ 21 In *Todd*, the Supreme Court considered whether violation of 37 O.S. § 537(A)(2) constituted negligence *per se* after an intoxicated adult voluntarily consumed alcoholic beverages and sustained injury as a result. Title 37 O.S. Supp.1985 § 537(A)(2), the statute relied on by the *Todd* Court, provided that no person shall "[s]ell, deliver or knowingly furnish alcoholic beverages to an intoxicated person or to any person who has been adjudged insane or mentally deficient."[8] This section and § 247 of the low-point beer statute are both prohibitions against selling inebriating liquors to an intoxicated person, whether alcohol in the case of § 537(A)(2) or low-point beer in the case of § 247.

¶ 22 The *Todd* Court found that the purpose behind § 537(A)(2) was to protect innocent third parties injured by intoxicated persons and that intoxicated adults were excluded from the class of persons meant to be protected. "[I]t appears that the legislature intended to protect the 'unsuspecting public'—in effect all of the populace except the willing imbiber." *Todd*, 1991 OK 54 at ¶ 11, 813 P.2d at 510. The Court concluded that a violation of this section resulting in injury to an adult who voluntarily becomes intoxicated was not negligence *per se* because the plaintiff was not within the class of persons intended to be protected by § 537(A)(2).[9]

■ ¶ 23 Although we find no cases directly interpreting § 247, we find the *Todd* Court's reasoning persuasive in its interpretation of § 537(A)(2) and applicable to this

---

7. For this analysis, we find no relevant distinction between "alcoholic beverage" in the *Todd* case and "low-point beer" in the present case.

8. This provision of § 537 has not changed. *See* 37 O.S. Supp.2010 § 537(A)(2).

9. The Supreme Court has since drawn distinctions in some cases between injured adult inebriants and injured minors. *See Busby v. Quail Creek Golf and Country Club*, 1994 OK 63, 885 P.2d 1326; *Tomlinson v. Love's Country Stores, Inc.*, 1993 OK 83, 854 P.2d 910; and *Sanders v.*

case. Both cases involve alleged violations of prohibitions against serving inebriating beverages to intoxicated persons. In both cases, the adults who alleged injury had voluntarily consumed to excess and then sought to transfer responsibility for their voluntary conduct to the tavern owner who served them. We cannot justify reaching a result in conflict with that stated in *Todd.* We conclude that a party in Been's position is not within the class intended to be protected by this statute. In the absence of any one element essential to a claim for negligence *per se,* this claim must also fail.[10]

¶ 24 Massey and MKE urge the question of causation of Been's incarceration as a defense to his claims; however, we find our preceding analysis to be dispositive, making it unnecessary to address this question.[11]

### CONCLUSION

¶ 25 For the reasons cited, we find the trial court correctly granted summary judgment in favor of Massey and MKE on Been's claims, and we affirm.

¶ 26 **AFFIRMED.**

BARNES, P.J., and FISCHER, J., concur.

---

*Crosstown Mkt., Inc.,* 1993 OK 25, 850 P.2d 1061.

**10.** We therefore find it unnecessary to address the other two elements necessary to establish negligence *per se.*

**11.** As pointed out in Justice Simms' separate concurrence in *Brigance:*

> While the vendor of liquor for on premises consumption owes a duty not to provide alcohol to a driver who is noticeably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety and the safety of others by desisting from voluntary overconsumption. In a dispute brought by the consumer seeking recovery against the vendor, the common-law notion that it is the consumer whose consumption constitutes the proximate cause of harm remains viable.

*Brigance v. Velvet Dove Rest., Inc.,* 1986 OK 41, ¶ 1, 725 P.2d 300, 306 (Simms, C.J., specially concurring).