MURROW v. PENNEY
2023 OK 91
Case Number: 120915
Decided: 09/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 91, __ P.3d __

 

 

JEFFREY MURROW and KRISTINE MURROW, Husband and Wife, individually, as Parents and and Next of Kin to MARISSA MURROW, Deceased, Plaintiffs/Appellants,
v.
MALCOLM PENNEY, an individual; AMANDA PENNEY, an individual; THE SPRINGS EVENTS, LLC. d/b/a The Springs Event Venue-Edmond, a foreign limited liability company; WEATHERCOAT SECURITY, a domestic entity; and BOULEVARD STEAKHOUSE, INC., a domestic company, Defendants/Appellees.

ON APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY,
STATE OF OKLAHOMA

Honorable Jack McCurdy II, District Judge

¶0 The defendant/appellee, Malcolm Penney left a wedding which was held at The Springs Event Venue and proceeded to drive the wrong way down a highway. He crashed head-on into a vehicle driven by Marissa Murrow, killing her. Murrows' parents sued The Springs. They did not allege that The Springs over-served Penney. Rather, they alleged The Springs had a duty to prevent Penney from leaving, and to enforce their policies which prohibited outside alcohol from being brought onto the premises. The trial court determined that the event venue had no duty to prevent harm to third-parties such as the deceased, and it granted summary judgment to The Springs. The parents appealed, and we retained the cause. We hold that Oklahoma law does not recognize a duty on the part of a private event venue extending to third parties killed by a voluntarily intoxicated adult who attended, but was not "over-served" by the event venue.

ORDER OF THE DISTRICT COURT AFFIRMED.

Derrick T. DeWitt, Kenneth G. Cole, Kevin Cunningham, William T. Milam, III, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Michael C. Felty, Eric L. Combs, Matthew J. Becker, Oklahoma City, Oklahoma, for Defendant/Appellees The Springs Events, LLC.

KAUGER, J.,

¶1 The issue presented is whether a private event venue may be held liable to a third party who is injured or killed by a voluntarily intoxicated adult driver who attended an event at the venue, but was not "over-served" by it. We hold that Oklahoma law does not recognize a duty on the part of a private event venue extending to third parties killed by a voluntarily intoxicated adult who attended but was not "over-served," by it.

FACTS

¶2 On the night of October 2, 2020, the defendant/appellant, Malcolm Penney (Penney) took car keys from his ex-wife's purse and drove her automobile the wrong direction on the Kilpatrick Turnpike near Yukon, Oklahoma, and Interstate 40. He crashed head-on into an automobile driven by Marissa Murrow (Murrow), a 19-year old sophomore college student, killing her.

¶3 Prior to the crash, Penney attended a wedding and reception at The Springs Event Venue (The Springs/event venue) in Edmond, Oklahoma. Penney left the event venue intoxicated. He had previously been adjudicated guilty of four DUI's, and one count of public intoxication.

¶4 According to Penney's ex-wife, the defendant/appellant, Amanda Penney, she hid the car keys in her purse in the bridal suite after she smelled alcohol on Penney's breath at the wedding reception. Penney had obtained alcohol by stopping by a liquor store before the event, and from an ice chest brought to the event by the groomsmen. The event venue rental contract prohibits alcohol consumption on-premises, unless it is served by an approved licensed bartender.

¶5 Weathercoat Security, the only security authorized to serve The Springs, provided security for the wedding. It operates from the same address as The Springs, and it was operated by the husband of The Springs General Manager. The Boulevard Steakhouse/HRG Catering provided the catering and bar service. Apparently, neither security, nor the bartender knew how much Penney drank, realized he was drunk, or asked him to leave due to his drunkenness.

¶6 On November 20, 2020, Murrow's parents, the plaintiffs/appellants, Jeffrey and Kristine Murrow (parents) filed a lawsuit against Penney, his ex-wife, as the owner of the vehicle Penney was driving, and The Springs Events, LLC. (The Springs). The parents alleged a negligence action against Penney. They asserted he unlawfully, illegally, negligently, recklessly, and in an intoxicated condition, operated a motor vehicle. They also asserted a cause of action for his failure to help the victim of harm because he fled the scene of the collision. They claimed a negligent entrustment action against his ex-wife.

¶7 The parents' action against The Springs was not premised on the allegation that it had illegally, improperly, or over-served Penney alcohol. The disputed facts indicate Penney may have had, either access, or the opportunity to access some minimal amount of alcohol from the bar at the event. Nevertheless, serving or over-serving alcohol by the bartender is not at issue in this cause. Rather, it was that, The Springs was negligent in enforcing their policies, procedures, and prohibitions. These policies were designed to prevent the unauthorized and improper on-premises alcohol consumption by people who attended events at the event venue. They alleged that The Springs:

1. Allowed personal alcohol to be brought onto its premises;
2. Allowed personal alcohol to be consumed on its premises by attending the event;
3. Allowed the presence and consumption of alcohol on its premises prior to a licensed bartender arriving;
4. Failed to restrict the service of alcoholic beverages to only a vendor bartending company;
5. Failed to restrict on-premises alcohol consumption to no more than six (6) hours;
6. Failed to restrict on-premises consumption to the time an authorized bartender was present; and
mm7. Failed to limit on-premises alcohol consumption to the bartending service hours of 7:00 P.m. until 11:00 p.m.

The parents alleged that The Springs allowed Penney to leave intoxicated, and that it owed a duty to prevent such conduct/activity which resulted in Murrow's death. They also sought punitive damages against all of the defendants.

¶8 On May 14, 2021, the parents amended their petition to include a breach of contract claim against The Springs. They argued that the failure to properly enforce and implement policies applicable to the event created a duty of care to third parties. They also asserted negligence and breach of contract claims against the security company. They added a dram shop liability and negligence claim against Café 501. Later they changed the named defendant to Boulevard Steakhouse, as the commercial vendor who bartended for the wedding reception.

¶9 On June 4, 2021, The Springs filed a motion to dismiss the parents' lawsuit. The Springs argued that the alcohol policies and safety rules for its clients did not establish a duty to third parties, and that the parents lacked standing to assert a breach of contract claim. On June 10, 202, Weathercoat Security also filed a motion to dismiss arguing that it was not subject to dram shop liability. It also claimed, as a matter of law, Penney's actions were the intervening and superseding cause of the accident and resulting death.

¶10 In the parents' June 22, 2021, response to The Springs' Motion to Dismiss, they clarified that they were not stating a dram shop or social host liability claim against The Springs. They acknowledged that "The Springs was not a vendor and did not provide the alcohol that was consumed by Defendant Malcolm Penney" (Emphasis in original).

¶11 On August 5, 2021, the trial court denied both The Springs' and Weathercoat Security's Motions to Dismiss. By June 30, 2022, the parents had dismissed Weathercoat Security without prejudice, and on July 11, 2022, The Springs filed a motion for summary judgment. On August 1, 2022, the parents dismissed Boulevard Steakhouse with prejudice. Ten days later, on August 11, 2022, the trial court held a hearing on The Springs' Summary Judgment Motion. The substance of the hearing concerned the alleged duty of the commercial property owner to third parties. On August 29, 2022, the trial court granted The Springs' Motion for Summary Judgment, holding that The Springs did not owe a duty to the plaintiffs under Oklahoma law for the resulting acts of Penney.

¶12 The trial court's order provides in pertinent part:

The Court finds that the common law rule applies to this set of facts. That law being, that 'a person has no duty to prevent a third person from causing a physical injury to another.' In addition, the Court finds that there is no statutory duty that the Court is aware of that would impose a duty on the defendants or apply in this case. The Court further finds that this set of facts do not place this case within any of the carved out exceptions that would impose liability on the defendant (Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41, 725 P.2d 300

*The Court does not make a finding about an intervening cause because the Court's ruling resolved the matter without that finding. However, the Court is of the opinion that the actions of the defendant Malcolm Penney, is a supervening cause that would also prevent the plaintiffs from recovering against the defendant, The Springs Events.

¶13 On September 7, 2022, the parents filed a Motion to Vacate or Modify the Order, arguing there was newly discovered evidence. They indicated that the President of Operations of The Springs, in the week after the fatal accident, created a power point which stated that bartenders, event attendants, and security officers must know their policies and enforce them for every event. They argue that this power point illustrates that The Springs undertook a duty to enforce the venue's own alcohol policies, but that they negligently failed to enforce them.

¶14 On September 22, 2022, the parents dismissed Penney and his ex-wife with prejudice, leaving The Springs as the only remaining defendants. The trial court held a hearing on the Motion to Vacate on October 21, 2022, and denied it on November 9, 2022. The parents appealed on December 9, 2022, and we retained the cause on December 28, 2022. The cause was assigned for disposition on January 1, 2023, and the Court ordered additional appellate briefing which was completed on March 17, 2023.

I.

OKLAHOMA LAW DOES NOT RECOGNIZE A DUTY ON THE PART OF 
A PRIVATE EVENT VENUE EXTENDING TO THIRD PARTIES KILLED
BY A VOLUNTARILY INTOXICATED ADULT WHO ATTENDED BUT 
WAS NOT "OVER-SERVED" BY IT.

A.

Standard of Review/Motion to Dismiss.

¶15 This cause was initially dismissed pursuant to a motion to dismiss. Consequently, the facts have not been determined, and are mere allegations. An order dismissing a case for failure to state a claim upon which relief can be granted is subject to de novo review.

¶16 The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts.

¶17 After the trial court's grant of summary judgment, the parents sought to vacate it by arguing that after the accident, The Springs' President of Operations created a duty of care to third parties when he created the power point. It emphasized that bartenders, event attendants, and security officers must know their policies and enforce them for every event. The trial court rejected their argument and denied their motion.

¶18 The trial court's disposition of a motion to vacate is generally reviewed for an abuse of discretion.de novo review of the summary judgment order.

B.

There is No Liability To Third Parties For A Voluntarily,
But Not "Over-Served" Intoxicated Adult.

¶19 It is undisputed that the parents' action against The Springs was not premised on the illegal, improper or over-service of alcohol. Even so, the parents argue that the same rationale in which the Court recognized a duty of care in Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41725 P.2d 300

¶20 Courts may recognize a cause of action for negligence where they conclude that a defendant owed a duty of care to the plaintiff.

¶21 This changed in Oklahoma when the Court first modified the common law to recognize liability may exist in the context of a dram shop, (ie. a alcohol sales vendor) in Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41725 P.2d 300Brigance involved a restaurant which sold intoxicating beverages illegally to a minor for on-the-premises consumption. The restaurant served the beverages to a group of minors, including the minor driver. It was alleged to have either caused the driver to become intoxicated or to increase his prior intoxication. The minor driver left the restaurant noticeably intoxicated and caused a one-car accident which injured a passenger.

¶22 The Court held that an alcohol vendor who sells intoxicating beverages for on-the-premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person. The Court stated that it was no longer unreasonable to expect a commercial vendor who sells alcoholic beverages for on-the-premises consumption to an already intoxicated person to foresee the unreasonable risk of harm to others. The duty of care was imposed by both statute and common law principles based the illegality of selling alcohol to minors, along with the duty not to subject another person to an unreasonable risk of harm.

¶23 Brigance concerned the illegally selling of alcohol to a minor. The linchpin to our imposition of a duty, at least implicitly, was factually due to the restaurant's selling or furnishing liquor to the minor. This was because the minor's previous or additional intoxication, may have lacked full capacity of self-control to operate the vehicle and injured a third party.Ohio Cas. Ins. Co. v. Todd, 1991 OK 54813 P.2d 508Brigance to an adult consumer who was injured in a one-car accident after having been served alcohol at a bar.

¶24 Recently, in MeGee v. El Patio, 2023 OK 14524 P.3d 1283Ohio Casualty Ins. Co. v. Todd. Todd held that a voluntarily intoxicated adult does not have a cause of action against a commercial vendor for personal injuries or death resulting from his or her own intoxication. The facts in MeGee were alarming. MeGee involved a restaurant patron who was alleged to have been intentionally and negligently over-served. He was allegedly allowed to drive. He was also allegedly bet $200.00 that he could not make the nearly 70 mile trip to Oklahoma City, Oklahoma, to meet again at a bar later that night. He did not make it to Oklahoma City. He was killed when his vehicle rear ended a tractor-trailer en route.

¶25 The Court reaffirmed that the commercial alcohol vendor's statutory and common law duty was to protect innocent third parties, but not the voluntarily intoxicated adult. When an intoxicated adult only injured themselves, personal accountability was required, rather than an extension of accountability to the commercial vendor. However, a third party injured by a drunk driver may state a cause of action against the commercial vendor that over-served the driver. Harm to a third party, and the act of serving to an intoxicated adult customer and allowing the customer to exit the establishment, were all key to extending a commercial alcohol vendor's duty towards innocent third parties.

¶26 Here, the key elements are missing and the circumstances are vastly different. This commercial establishment was not a tavern which sells alcohol ---- it is merely an rental event venue. While there was harm to an innocent third party, there was no act or allegation of serving or over-serving by the facility. Furthermore, the parents' allegations, taken together with all reasonable inferences which may be drawn from them, do not indicate that anyone associated with The Springs knew or should have known that: Penney was driving when he left the venue; he had access to a car; or he was visibly intoxicated when he left.

¶27 Nor should The Springs policies regarding alcohol sales and safety create such a duty -- at least not under the alleged facts.

¶28 The Court has not expanded liability towards third parties beyond a commercial tavern or alcohol vendor, nor has the Legislature addressed the question of whether a cause of action would lie against a business like The Springs. We agree that public policy, along with decent citizenry, should be to prevent or reduce drunk driving to keep people from being injured or killed. We also agree that businesses should have and enforce alcohol and safety policies to serve such a public policy. Nevertheless, placing the burden of liability to third parties on businesses such as The Springs is not provided by Oklahoma law.

¶29 Nor is this a case in which a special relationship between the intoxicated adult and the business should create such a duty.

CONCLUSION

¶30 At common law tavern owners were not held civilly liable for injuries to a third party caused by the acts of a voluntarily intoxicated person.

ORDER OF THE DISTRICT COURT AFFIRMED.

KANE, C.J., ROWE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, GURICH, DARBY, KUEHN, JJ., concur.

COMBS, J., disqualified.

FOOTNOTES

ALCOHOL:

RELEASE OF LIABILITY: Client agrees to hold THE SPRINGS, its agents, employees, and officers harmless in the event of alcohol-related injuries to Client or Client's guests attending or returning from Event.

All alcoholic beverages served on THE SPRINGS premises must be served by a SPRINGS preferred vendor bartening company, n independently contracts, ABLE licenses and insured bartending firm.

BYOP setups are not permitted on THE SPRINGS property. Alcoholic beverages may not be consumed in the parking lot.

All underage drinking is strictly prohibited on THE SPRINGS premises, even when provide by parents to their children.

Client is permitted to have alcohol served by licensed and insured bartender up to six hours for Event. No shots are allowed.

The serving of alcoholic beverages will cease by 11:00 p.m.

Per State Law, no alcoholic beverages can be stored overnight on THE SPRINGS premises.

No alcohol can be served or consumed until the authorized bartender is present.

Non-compliance of any alcohol policies will result in forfeiture of damage deposit.

No alcohol of any kind can be delivered or brought into the venue until two hours prior to the bartender arriving.. . .

. . .THE SPRINGS reserves the right to eject or cause to be ejected from the facilities any objectionable person or persons. . .The term 'objectionable person' shall include those persons who by virtue of disorderly conduct, drunkenness, disruptive behavior, violation of the THE SPRINGS policies, or violation of local, state or federal laws, make the normal and proper conduct of business or the enjoyment of the Event difficult or impossible for others.

Harwood v. Ardagh Group, 2022 OK 51Tuffy's Inc. v. City of Oklahoma City, 2009 OK 4Gens v. Casady School, 2008 OK 5177 P.3d 565

Harwood v. Ardagh Group, see note 5, Tuffy's Inc. v. City of Oklahoma City, see note 5, supra; Gens v. Casady School, see note 5, supra.

Harwood v. Ardagh Group, see note 5, Tuffy's Inc. v. City of Oklahoma City, see note 5, supra; Gens v. Casady School, see note 5, supra.

Harwood v. Ardagh Group, see note 5, Tuffy's Inc. v. City of Oklahoma City, see note 5, supra; Gens v. Casady School, see note 5, supra.

CPT Asset Backed Certificate, Series 2004--EC1 v. Cin Kaham, 2021 OK 22278 P.3d 586Washington v. Tulsa County, 2006 OK 92151 P.3d 121Ferguson Enterprises, Inc. v. Webb Enterprises, Inc., 2000 OK 7813 P.3d 480Patel v. OMH Med. Ctr., Inc., 1999 OK 33987 P.2d 1185Fent v. Oklahoma Natural Gas Co., 2001 OK 3527 P.3d 477

Andrew v. Depani-Sparkes, 2017 OK 42396 P.3d 210Reeds v. Walker, 2006 OK 43157 P.3d 100

Mansfield v. Circle K. Corporation, 1994 OK 80877 P.2d 1130Busby v. Quail Creek Golf and Country Club, 1994 OK 63885 P.2d 1326

Smith v. City of Stillwater, 2014 OK 42328 P.3d 1192Berman v. Laboratory Corp. of America, 2011 OK 106268 P.3d 68Smith v. Hines, 2011 OK 51261 P.3d 1129

Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41725 P.2d 300

Brigance v. Velvet Dove Restaurant, Inc., see note 13, supra.

Tomlinson v. Love's Country Stores, Inc., 1993 OK 83Busby v. Quail Creek Golf and Country Club, 1994 OK 63885 P.2d 1326Mansfield v. Circle K. Corporation, 1994 OK 80877 P.2d 1130per se and the statutory prohibition against selling alcohol to minors.

Kellog v. Ohler, 1992 OK 18

Harwood v. Ardagh Group, 2022 OK 51522 P.3d 473Harwood was an employer/employee relationship which does not exist here. Even if a similar or special relationship existed, in the context of alcohol consumption, it is the action of the voluntarily intoxicated adult who is responsible.

Brigance v. Velvet Dove Restaurant, Inc., see note 13, supra.

Brigance v. Velvet Dove Restaurant, Inc., see note 13, supra.