INTERVENOR POLICY HOLDERS OF AMERICAN INDEMNITY TRUST, Appellants,

v.

OKLAHOMA LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATION, Appellee.

No. 75212.

Supreme Court of Oklahoma.

Feb. 11, 1992.

Angel & Ikard by Arthur R. Angel, Oklahoma City, William N. Peterson, Dist. Atty., Wewoka, for appellants.

McKinney, Stringer & Webster by George D. Davis, Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

The policy holders (Appellants/Plaintiffs) of American Indemnity Trust (AIT), who intervened in this action in the trial court, are appealing an order granting summary judgment to Appellees/Defendants, Oklahoma Life and Health Insurance Guaranty Association (Association). The parties have stipulated to the facts. Therefore, this appeal presents a question of law based on undisputed facts.

## ISSUE

Whether, as a matter of law, appellants can recover against the Association for their unpaid AIT insurance claims despite the fact that AIT was never licensed as an insurer and never became a dues-paying member of the Association. We answer this question in the negative and affirm the trial court.

## FACTS

AIT was established in 1981 as a trust under the Employee Retirement Income Security Act of 1974 (ERISA). However, neither the Department of Labor nor any other governmental authority ever declared that AIT was a fully qualified ERISA trust. It was organized for the purpose of marketing medical benefit plans to numerous employers. At that time, ERISA trusts were not subject to regulation by state insurance departments, therefore, AIT was not regulated by the Oklahoma Insurance Commission (Commission). However, in 1983, federal legislation made multiple employer ERISA trusts (METS) subject to state regulation unless they were totally reinsured by licensed insurance companies. After passage of this legislation, AIT did not obtain a license nor reinsurance as required by the federal legislation.

Because AIT was never licensed nor reinsured, the Commissioner filed suit to enjoin AIT from continuing to sell its health benefit plans to the public without a license. Because of the injunction obtained by the Commissioner, AIT claimed it could not get any new business, and thus could no longer pay its claims. AIT is now insolvent.

Appellants are policyholders of medical benefit contracts issued by AIT whose claims were never paid. Appellants intervened in the original suit by the Commissioner against AIT. They now seek to have their claims against AIT paid by the Association. The parties have stipulated to the following facts:

1. The American Indemnity Trust (AIT) was never licensed as an insurer in the State of Oklahoma.

2. AIT was never a member of the Guaranty Association.

3. AIT did not share in the Guaranty Association's administrative costs or general expenses or pay assessments used to create a fund to fulfill the Guaranty Association's responsibilities under 36 O.S. § 2021.

When the Association was brought into this litigation by appellants, the Association requested a writ of prohibition from the Supreme Court on the grounds that AIT was not a member of the Association and that AIT's unlicensed sale of health benefits did not bring it within the scope of the Life and Health Insurance Guaranty Association Act (ACT), Okla.Stat. tit. 36, §§ 2021–2043 (1981). Appellants argued that the writ should not be granted because no discovery had taken place which might uncover a conspiracy between the Commission and the Association to prevent AIT from becoming licensed so that the Association would not have to pay AIT's claims. The writ was denied. During discovery, there was no evidence uncovered of a conspiracy between the Commission and the Association.

Subsequently, the Association and appellants both made motions for summary

judgment. The trial court denied appellants' motion and granted the Association's motion for summary judgment as a matter of law based upon the uncontroverted facts.

## DISCUSSION

Appellants have set forth four arguments why, as a matter of law, they should be able to recover against the Association for their unpaid AIT insurance claims. These arguments cannot succeed.

### I.

█ Appellants' first argument is that the Association should pay AIT's claims even though AIT was not licensed and was not a member of the Association. This argument cannot succeed because it is in direct contravention of the Act. In order for a trust to become a member of the Association, it must first be licensed in Oklahoma. The purpose of the Act is to protect consumer insureds against the risk of losses "because of the impairment or insolvency of the *member* insurer that issued the policies or contracts." Okla. Stat. tit. 36, § 2022. The term "member insurer" is defined in the Act as "any person licensed by this state to transact any kind of insurance business to which this act applies." Okla.Stat. tit. 36, § 2024 (1981). Because AIT was never a licensed Oklahoma insurer, it was never a member of the Association.

AIT claims that even though it is not a member of the Association, it is still an "insolvent insurer" under the Act. An "insolvent insurer" is defined as a *member* insurer who becomes insolvent. *Id.* Therefore, the duty to "guarantee, assume or reinsure" the policies of an "insolvent insurer" under § 2028 is not absolute, but rather conditioned upon the status of the insurance company in question as a licensed, member insurer. Because AIT was not a licensed "member insurer", it cannot, by definition, be an "insolvent insurer" under the Act.

The Association was created under the Act with the purpose of paying benefits and continuing coverages as limited in the Act. Members of the Association are subject to assessment to provide funds to carry out the purposes of the Act. *Id.* at § 2022. It is not logical that member insurers, and consequently policyholders of member insurers, of the Association should be required to pay the claims of a non-member insurer when it becomes insolvent.

AIT was never a "member insurer" and thus never an "insolvent insurer" under either §§ 2024 or 2028 of the Act. There is nothing in the Act that would require the Association to pay the claims of an insolvent non-member insurer. It follows that if the Association had no duty to pay AIT's claims, then the Commissioner had no duty to force the Association to pay. Okla.Stat. tit. 36, § 2028(5) (1981).

### II.

█ Appellants' second argument is that because AIT's policies were issued by licensed persons, i.e., the individual insurance brokers, this makes AIT an "insolvent insurer" under the Act. The Act applies to various types of insurance policies, including health insurance policies which are issued by persons licensed to transact insurance business in this state at any time. *Id.* at § 2025. However, appellants lose sight of the fact that *AIT* was not licensed, and this is the important factor.

AIT was not an "insolvent insurer" merely because it sold insurance through individual insurance agents. AIT itself should have been licensed in order to become a member insurer, and subsequently an "insolvent insurer" under the Act. Simply because AIT contracts were sold by licensed agents or brokers did not transform AIT into an "insolvent insurer" within the scope of the Act. The "insolvent insurer", in this case AIT, must be the entity who is licensed to sell insurance in this State.

█ AIT itself was required to be licensed. Unless otherwise provided for by

law or exempted in the Act, any person or *other entity* which provides medical coverage, "shall be presumed to be subject to the jurisdiction of the Insurance Commissioner ..." Okla.Stat. tit. 36, § 632 (1981). AIT provided health insurance and did not come under any exemption, thus it was subject to the Commissioner's jurisdiction and his licensing regulations. AIT could not avoid the Commissioner's jurisdiction and the licensure requirement by allowing licensed individual insurance brokers to sell its unlicensed insurance.

### III.

■ Appellants' third argument is that the 1987 amendments to the act reinforce their position that their claims against AIT were covered under the Act's terms in effect before the amendments. The amended statute now *expressly* excludes coverage of policies issued by a "member insurer" when it was not licensed or did not have a certificate of authority to issue such a policy or contract in this state. Okla.Stat. tit. 36, § 2025(B)(2)(f) (Supp.1987).

The definition of "member insurer" in § 2024 was also changed in 1987. Prior to 1987, a "member insurer" was "any person licensed by this state to transact any kind of insurance business to which this act applies." Okla.Stat. tit. 36, § 2024 (1981). That term is now defined as any insurer licensed to transact any kind of insurance business in this state and "includes any insurer whose license or certificate of authority in this state may have been suspended, revoked, not renewed or voluntarily withdrawn." *Id.* at § 2024 (Supp.1987).

■ Appellants argue that prior to the 1987 amendments, the clear and unambiguous terms of the Act included AIT under the Act as a member of the Association and imposed liability on the Association. Where a former statute was clear and unambiguous, a legislative amendment of the statute indicates an intention to change the law. *Tom P. McDermott, Inc. v. Bennett*, 395 P.2d 566 (Okla.1964). This rule is inapplicable to the present facts. AIT did not fit the definition of "member insurer" under the 1981 Act and, for that matter, does not fit the definition under the 1987 amended Act, either. Therefore, the Act has never imposed liability on the Association for AIT's unpaid claims.

### IV.

■ Appellants' fourth argument is that insofar as Association membership was necessary to trigger coverage under the Act, it was the duty of the Commissioner and of the Association to cause AIT to become an Association member. However, the Commissioner cannot simply "cause" an insurer to become an Association member if that insurer cannot meet the statutory requirements for obtaining a license to sell insurance.

■ Appellants also blame the Commissioner for filing an action to enjoin AIT from the continued unauthorized sale of health benefit contracts, thus cutting off the source of funds necessary to pay their claims against AIT. However, this is proof that the Commissioner was doing his job. If AIT could not meet the statutory requirements to become licensed and could not obtain reinsurance, the Commissioner was correct in obtaining an injunction against AIT from selling insurance in violation of the law. The Commissioner is not supposed to allow a company to continue to sell insurance if the company is not a licensed insurer.

### CONCLUSION

The Act requires that a protected "insolvent insurer" must be a member of the Association. The insolvent AIT is not and never was a member of the Association. There is no dispute of material fact and nothing in the statute which would require the unpaid claims of AIT, or any other insolvent non-member, to be paid to their policy holders by the Association. Therefore, appellants cannot recover against the

Association for their unpaid AIT claims. The trial court was correct in granting the Association's motion for summary judgment.

JUDGMENT OF THE TRIAL COURT AFFIRMED.

All the Justices concur.