2006 OK 92

### Glenda WASHINGTON, Plaintiff/Appellee,

v.

### TULSA COUNTY, a political subdivision of the State of Oklahoma, Defendant/Appellant,

Tulsa County Juvenile Detention Center, and Anthony Taylor, Larry Zachary, and C. Conely Tunnell, in their individual and official capacities, Defendants.

### Nos. 103,384, 101,474.

Supreme Court of Oklahoma.

Dec. 12, 2006.

Gina Carrigan–St.Clair, Tulsa, Oklahoma, for Appellee, Glenda Washington.

Linda K. Greaves, Assistant District Attorney, Tulsa County District Attorney's Office, for Appellant, Tulsa County.

COLBERT, J.

¶1 This appeal is a companion to No. 101,474, which is summarily affirmed today by separate summary disposition order in 2006 OK 93, 151 P.3d 125. This opinion renders moot the issues raised in that matter. The issue in this appeal is whether the trial court abused its discretion when it vacated the dismissal of this action based on irregularity in obtaining the judgment. This Court determines that the trial court did not abuse its discretion and affirms the order vacating the dismissal.

## FACTS

¶2 This matter has a long and curious procedural history. Plaintiff, Glenda Washington, was employed by the Tulsa County Juvenile Detention Center from August of 1999 until her employment was terminated on April 6, 2001. Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a "right-to-sue" letter on February 6, 2002. She filed a petition in the District Court of Tulsa County in CJ–2002–1733 (*Washington I*) (Appeal No. 101,-474) on March 28, 2002, within the requisite 90 days following the issuance of the right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). The action was brought against Washington's employer and supervisors. The petition alleged sexual discrimination under Title VII of the Civil Rights Act of 1964 and a claim under section 1983 of title 42 of the United States Code. Plaintiff believed that one of her state law claims, under the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151–200 (2001 & Supp.2006), was not ripe for adjudication. She withheld issuance of summons anticipating that she would later amend her petition to add state law claims concerning her allegations of wrongful termination.

¶3 On August 12, 2002, Plaintiff's petition was dismissed without prejudice or notice pursuant to Rule 9a of the Rules for District Courts [1] for failure to issue summons within 90 days. An order memorializing the dismissal was filed on August 28, 2002. Inexplicably, the parties proceeded as if no dismissal had occurred. The day after the order of dismissal was filed, Plaintiff filed an amended petition in the same case number to include her state law claims and to properly identify a party defendant. Summonses were issued and Defendants were served. On October 8, 2002, Defendant Tulsa County removed the dismissed action to the United States District Court for the Northern District of Oklahoma asserting federal question jurisdiction. Attached to the petition for removal was a copy of the state court's dismissal.

¶4 On November 14, 2002, Plaintiff filed another petition in the District Court of Tulsa County in case number CJ–2002–6577 (*Washington II*) (Appeal No. 103,384). The petition was identical to the amended petition filed in *Washington I*. It is not clear whether Plaintiff intended to comply with the section 100 savings provision of title 12, but the matter was docketed as a refiling of *Washington I* and assigned case number CJ–2002–6577.

¶5 Tulsa County moved to dismiss *Washington II* on December 6, 2002, arguing that the state court had no jurisdiction to proceed in *Washington II* because *Washington I* was pending in federal court. Plaintiff failed to file a brief in response to the motion to dismiss and the motion was deemed confessed pursuant to Rule 4e of the Rules for

1. Rule 9a of the Rules for District Courts provides:

In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition, or alias summons is not issued within thirty (30) days after return of the summons not served, the action may be dismissed by the court without notice to the plaintiff.

Okla. Stat. tit. 12, ch. 2, app. 1 (2001).

District Courts.[2] *Washington II* was dismissed as to Tulsa County[3] on January 2, 2003.

¶ 6 *Washington I* remained on the federal court's docket for nearly two years until, on May 14, 2004, Defendants jointly moved the federal court for summary judgment or dismissal of the matter urging that Tulsa County's removal was void. On August 6, 2004, the federal court remanded *Washington I* to state court because it lacked subject matter jurisdiction over a case that had been dismissed in state court prior to its removal.[4]

¶ 7 At this point, Plaintiff asked the District Court of Tulsa County to vacate the Rule 9a dismissal of *Washington I* asserting "irregularity in obtaining [the] judgment or order." Okla. Stat. tit. 12, § 1031(3) (2001). The motion was overruled on October 21, 2004, and Plaintiff brought appeal number 101,474.[5]

¶ 8 On December 30, 2004, Plaintiff moved to vacate the Rule 4e dismissal of *Washington II* asserting title 12, section 1031(3),[6] irregularity in obtaining the judgment, and section 1031(4), constructive fraud in obtaining the judgment. The trial court vacated the dismissal based on irregularity in obtaining the judgment at a hearing on May 9, 2005.

¶ 9 Tulsa County moved for reconsideration on May 12, 2005, based in part on the fact that the hearing had not been transcribed and on the fact that Tulsa County had not been provided the opportunity to cross-examine Plaintiff's counsel. In response, the trial court held another hearing on July 18, 2005. Tulsa County was allowed to perform that cross-examination and present any other evidence it wished to present. The cross-examination of Plaintiff's counsel is the only evidence contained in the appellate record from either hearing. Following the hearing, the trial court refused to set aside its vacation of the dismissal and repeated the basis for its finding of irregularity in obtaining the judgment. An order memorializing that decision was filed on September 13, 2005, and the matter was stayed pending

---

2. Rule 4e of the Rules for District Courts of Oklahoma provides that "[a]ny party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed." Okla. Stat. tit. 12, ch. 2, app. 1 (Supp.2002).

3. Initially, Plaintiff believed that the action had been dismissed as to *all* of the defendants. Plaintiff realized the action was still pending as to the individual defendants when *Washington II* appeared on the trial court's disposition docket as a result of Plaintiff's failure to timely summons the remaining defendants.

4. Title 28, section 1447(c) of the United States Code provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

5. That matter was retained for this Court's review and the trial court's decision was today summarily affirmed based on the fact that this opinion renders moot the issues raised in that appeal. *See Washington v. Tulsa County,* 2006 OK 93, 151 P.3d 125.

6. Section 1031 provides:
   The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

1. By granting a new trial for the cause, within the time and in the manner prescribed in Sections 651 through 655 of this title;
2. As authorized in subsection C of Section 2004 of this title where the defendant had no actual notice of the pendency of the action at the time of the filing of the judgment or order;
3. For mistake, neglect, or omission of the clerk or irregularity in obtaining the judgment or order;
4. For fraud, practiced by the successful party, in obtaining a judgment or order;
5. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings;
6. For the death of one of the parties before the judgment in the action;
7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;
8. For errors in a judgment, shown by an infant in twelve (12) months after arriving at full age, as prescribed in Section 700 of this title; or
9. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.
Okla. Stat. tit. 12, § 1031 (2001).

appeal of that decision on September 28, 2005. Plaintiff prepared the September 13, 2005, order but did not mail it to Tulsa County until May 2, 2006. The certificate of mailing was filed on May 4, 2006, and this timely appeal was commenced on May 23, 2006.

## STANDARD OF REVIEW

¶ 10 The standard of review of a trial court's decision on a motion to vacate is whether the trial court abused its discretion. *Mare Oil Co. v. Deep Blue Royalties, L.L.C.*, 2003 OK CIV APP 21, ¶ 10, 65 P.3d 294, 297. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194. This Court's review of the record on appeal and the briefs of the parties reveals no abuse of discretion in the trial court's decision to vacate the dismissal.

## DISCUSSION

¶ 11 The trial court vacated the dismissal on the authority of section 1031(3) of title 12 which permits the district court to vacate its own decision "[f]or mistake, neglect, or omission of the clerk or for irregularity in obtaining a judgment or order." The trial court's determination of "irregularity" was based upon the assertions of Tulsa County to the state and federal courts and to Plaintiff concerning the federal court's subject matter jurisdiction.

¶ 12 At the time it removed the action in *Washington I* to federal court, Tulsa County erroneously asserted that the matter was pending in state court. In fact, it had been dismissed. For twenty months, Tulsa County held to that position until it, along with the other defendants, challenged its own removal for lack of a pending case in state court and thus, a lack of subject matter jurisdiction in federal court. It was during this same period, however, that Tulsa County moved to dismiss the state court action in *Washington II* based on the assertion that *Washington I* was properly pending in federal court. Only after *Washington II* was dismissed did Tulsa County contradict its earlier position and ask the federal court for summary judgment by challenging its own defective removal of *Washington I*.

¶ 13 This is not a matter in which the dismissal resulted merely from Plaintiff's failure to respond to a motion to dismiss.[7] Tulsa County had to know that it had no case or controversy to remove to federal court because a copy of the order dismissing *Washington I* was attached to its removal petition. Thus, the asserted irregularity was not merely Tulsa County's request to dismiss *Washington II*, but doing so with the knowledge that *Washington I* had been dismissed in state court. Tulsa County cannot be allowed to obtain an advantage in this matter through its failure to timely disclose the dismissal of *Washington I* to the federal court.[8] This alone was a sufficient "irregularity" to permit the trial court to vacate the dismissal of this matter.

¶ 14 The trial court, however, had additional evidence on which to base its finding of irregularity. The only testimony that was recorded and designated for appellate review in this matter is the cross-examination of one of Plaintiff's counsel by counsel for Tulsa County. Part of that testimony concerned a phone call Plaintiff's counsel received on November 26, 2002, from counsel for Tulsa County. Defense counsel called to ask why Plaintiff had filed *Washington II*.

---

7. Counsel's mere failure to respond after proper notice does not present an "irregularity" so as to permit vacation of a judgment or order. *Bd. of Trustees v. Wilson*, 1998 OK CIV APP 4, ¶ 3, 953 P.2d 764, 765.

8. Both Tulsa County and Plaintiff were charged with the knowledge of the dismissal of *Washington I*. A copy of the dismissal was attached to Tulsa County's removal petition which Plaintiff acknowledges receiving. The parties had a duty to inform the federal court concerning the defective removal. In this regard, each party failed to do so. The irregularity, however, is not merely Tulsa County's failure to timely notify the district court concerning *Washington I's* dismissal, but the further disregard of that knowledge in asserting the dismissal of *Washington II* based on its erroneous claim of "successful removal" of *Washington I* to federal court.

¶ 15 Plaintiff's counsel testified that he and defense counsel "discussed the fact the case had been dismissed" and the "jurisdictional problems with the removal." He further testified that he and defense counsel reached an agreement by which Plaintiff would dismiss *Washington II*. The agreement was based on "representations concerning the viability of *Washington I* in federal Court" which caused Plaintiff's counsel to believe "there was not going to be a jurisdictional issue in federal court."

¶ 16 A letter from defense counsel to Plaintiff's counsel dated December 2, 2002, memorializes the November 26th conversation. In it, defense counsel states that because *Washington I* "was successfully removed to Federal District Court ... the state court has no jurisdiction to entertain [*Washington II*]." The letter goes on to request that Plaintiff's counsel dismiss *Washington II* as discussed in the November 26th phone conversation. This letter corroborates the testimony of Plaintiff's counsel concerning the agreement. Thus, the appellate record supports the trial court's conclusion that "[t]he Defendant represented that this action would proceed on its merits in federal court which did not occur." No testimony or other evidence to rebut Plaintiff's counsel's recollection of the conversation appears in the record.[9] No abuse of the trial court's discretion in vacating the dismissal for irregularity has been demonstrated.

AFFIRMED.

ALL JUSTICES CONCUR.

---

9. "An appellant bears the responsibility for incorporating into the appellate record all materials necessary to secure corrective relief from a trial court's adverse decision." *Davidson v. Gregory*, 1989 OK 87, ¶ 8, 780 P.2d 679, 682.