OSCN Found Document:MURROW v. PENNEY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 MURROW v. PENNEY
2023 OK 91
Case Number: 120915
Decided: 09/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 91, __ P.3d __

 

 

JEFFREY MURROW and KRISTINE MURROW, Husband and Wife, individually, as Parents and and Next of Kin to MARISSA MURROW, Deceased, Plaintiffs/Appellants,
v.
MALCOLM PENNEY, an individual; AMANDA PENNEY, an individual; THE SPRINGS EVENTS, LLC. d/b/a The Springs Event Venue-Edmond, a foreign limited liability company; WEATHERCOAT SECURITY, a domestic entity; and BOULEVARD STEAKHOUSE, INC., a domestic company, Defendants/Appellees.

ON APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY,
STATE OF OKLAHOMA

Honorable Jack McCurdy II, District Judge

¶0 The defendant/appellee, Malcolm Penney left a wedding which was held at The Springs Event Venue and proceeded to drive the wrong way down a highway. He crashed head-on into a vehicle driven by Marissa Murrow, killing her. Murrows' parents sued The Springs. They did not allege that The Springs over-served Penney. Rather, they alleged The Springs had a duty to prevent Penney from leaving, and to enforce their policies which prohibited outside alcohol from being brought onto the premises. The trial court determined that the event venue had no duty to prevent harm to third-parties such as the deceased, and it granted summary judgment to The Springs. The parents appealed, and we retained the cause. We hold that Oklahoma law does not recognize a duty on the part of a private event venue extending to third parties killed by a voluntarily intoxicated adult who attended, but was not "over-served" by the event venue.

ORDER OF THE DISTRICT COURT AFFIRMED.

Derrick T. DeWitt, Kenneth G. Cole, Kevin Cunningham, William T. Milam, III, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Michael C. Felty, Eric L. Combs, Matthew J. Becker, Oklahoma City, Oklahoma, for Defendant/Appellees The Springs Events, LLC.

KAUGER, J.,

¶1 The issue presented is whether a private event venue may be held liable to a third party who is injured or killed by a voluntarily intoxicated adult driver who attended an event at the venue, but was not "over-served" by it. We hold that Oklahoma law does not recognize a duty on the part of a private event venue extending to third parties killed by a voluntarily intoxicated adult who attended but was not "over-served," by it.

FACTS

¶2 On the night of October 2, 2020, the defendant/appellant, Malcolm Penney (Penney) took car keys from his ex-wife's purse and drove her automobile the wrong direction on the Kilpatrick Turnpike near Yukon, Oklahoma, and Interstate 40. He crashed head-on into an automobile driven by Marissa Murrow (Murrow), a 19-year old sophomore college student, killing her.

¶3 Prior to the crash, Penney attended a wedding and reception at The Springs Event Venue (The Springs/event venue) in Edmond, Oklahoma. Penney left the event venue intoxicated. He had previously been adjudicated guilty of four DUI's, and one count of public intoxication.[1] Penney's blood test, taken several hours after the collision, was more than twice the legal limit for blood-alcohol content.[2]

¶4 According to Penney's ex-wife, the defendant/appellant, Amanda Penney, she hid the car keys in her purse in the bridal suite after she smelled alcohol on Penney's breath at the wedding reception. Penney had obtained alcohol by stopping by a liquor store before the event, and from an ice chest brought to the event by the groomsmen. The event venue rental contract prohibits alcohol consumption on-premises, unless it is served by an approved licensed bartender.[3]

¶5 Weathercoat Security, the only security authorized to serve The Springs, provided security for the wedding. It operates from the same address as The Springs, and it was operated by the husband of The Springs General Manager. The Boulevard Steakhouse/HRG Catering provided the catering and bar service. Apparently, neither security, nor the bartender knew how much Penney drank, realized he was drunk, or asked him to leave due to his drunkenness.[4]

¶6 On November 20, 2020, Murrow's parents, the plaintiffs/appellants, Jeffrey and Kristine Murrow (parents) filed a lawsuit against Penney, his ex-wife, as the owner of the vehicle Penney was driving, and The Springs Events, LLC. (The Springs). The parents alleged a negligence action against Penney. They asserted he unlawfully, illegally, negligently, recklessly, and in an intoxicated condition, operated a motor vehicle. They also asserted a cause of action for his failure to help the victim of harm because he fled the scene of the collision. They claimed a negligent entrustment action against his ex-wife.

¶7 The parents' action against The Springs was not premised on the allegation that it had illegally, improperly, or over-served Penney alcohol. The disputed facts indicate Penney may have had, either access, or the opportunity to access some minimal amount of alcohol from the bar at the event. Nevertheless, serving or over-serving alcohol by the bartender is not at issue in this cause. Rather, it was that, The Springs was negligent in enforcing their policies, procedures, and prohibitions. These policies were designed to prevent the unauthorized and improper on-premises alcohol consumption by people who attended events at the event venue. They alleged that The Springs:

1. Allowed personal alcohol to be brought onto its premises;
2. Allowed personal alcohol to be consumed on its premises by attending the event;
3. Allowed the presence and consumption of alcohol on its premises prior to a licensed bartender arriving;
4. Failed to restrict the service of alcoholic beverages to only a vendor bartending company;
5. Failed to restrict on-premises alcohol consumption to no more than six (6) hours;
6. Failed to restrict on-premises consumption to the time an authorized bartender was present; and
mm7. Failed to limit on-premises alcohol consumption to the bartending service hours of 7:00 P.m. until 11:00 p.m.

The parents alleged that The Springs allowed Penney to leave intoxicated, and that it owed a duty to prevent such conduct/activity which resulted in Murrow's death. They also sought punitive damages against all of the defendants.

¶8 On May 14, 2021, the parents amended their petition to include a breach of contract claim against The Springs. They argued that the failure to properly enforce and implement policies applicable to the event created a duty of care to third parties. They also asserted negligence and breach of contract claims against the security company. They added a dram shop liability and negligence claim against Café 501. Later they changed the named defendant to Boulevard Steakhouse, as the commercial vendor who bartended for the wedding reception.

¶9 On June 4, 2021, The Springs filed a motion to dismiss the parents' lawsuit. The Springs argued that the alcohol policies and safety rules for its clients did not establish a duty to third parties, and that the parents lacked standing to assert a breach of contract claim. On June 10, 202, Weathercoat Security also filed a motion to dismiss arguing that it was not subject to dram shop liability. It also claimed, as a matter of law, Penney's actions were the intervening and superseding cause of the accident and resulting death.

¶10 In the parents' June 22, 2021, response to The Springs' Motion to Dismiss, they clarified that they were not stating a dram shop or social host liability claim against The Springs. They acknowledged that "The Springs was not a vendor and did not provide the alcohol that was consumed by Defendant Malcolm Penney" (Emphasis in original).

¶11 On August 5, 2021, the trial court denied both The Springs' and Weathercoat Security's Motions to Dismiss. By June 30, 2022, the parents had dismissed Weathercoat Security without prejudice, and on July 11, 2022, The Springs filed a motion for summary judgment. On August 1, 2022, the parents dismissed Boulevard Steakhouse with prejudice. Ten days later, on August 11, 2022, the trial court held a hearing on The Springs' Summary Judgment Motion. The substance of the hearing concerned the alleged duty of the commercial property owner to third parties. On August 29, 2022, the trial court granted The Springs' Motion for Summary Judgment, holding that The Springs did not owe a duty to the plaintiffs under Oklahoma law for the resulting acts of Penney.

¶12 The trial court's order provides in pertinent part:

The Court finds that the common law rule applies to this set of facts. That law being, that 'a person has no duty to prevent a third person from causing a physical injury to another.' In addition, the Court finds that there is no statutory duty that the Court is aware of that would impose a duty on the defendants or apply in this case. The Court further finds that this set of facts do not place this case within any of the carved out exceptions that would impose liability on the defendant (Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41, 725 P.2d 300). This Court is of the opinion that to find a 'duty' on the part of the defendant to the plaintiff in this case, would be an expansion of current Oklahoma law that does not currently exist and for that reason the Court grants the defendant's Motion for Summary Judgment.*

*The Court does not make a finding about an intervening cause because the Court's ruling resolved the matter without that finding. However, the Court is of the opinion that the actions of the defendant Malcolm Penney, is a supervening cause that would also prevent the plaintiffs from recovering against the defendant, The Springs Events.

¶13 On September 7, 2022, the parents filed a Motion to Vacate or Modify the Order, arguing there was newly discovered evidence. They indicated that the President of Operations of The Springs, in the week after the fatal accident, created a power point which stated that bartenders, event attendants, and security officers must know their policies and enforce them for every event. They argue that this power point illustrates that The Springs undertook a duty to enforce the venue's own alcohol policies, but that they negligently failed to enforce them.

¶14 On September 22, 2022, the parents dismissed Penney and his ex-wife with prejudice, leaving The Springs as the only remaining defendants. The trial court held a hearing on the Motion to Vacate on October 21, 2022, and denied it on November 9, 2022. The parents appealed on December 9, 2022, and we retained the cause on December 28, 2022. The cause was assigned for disposition on January 1, 2023, and the Court ordered additional appellate briefing which was completed on March 17, 2023.

I.

OKLAHOMA LAW DOES NOT RECOGNIZE A DUTY ON THE PART OF 
A PRIVATE EVENT VENUE EXTENDING TO THIRD PARTIES KILLED
BY A VOLUNTARILY INTOXICATED ADULT WHO ATTENDED BUT 
WAS NOT "OVER-SERVED" BY IT.

A.

Standard of Review/Motion to Dismiss.

¶15 This cause was initially dismissed pursuant to a motion to dismiss. Consequently, the facts have not been determined, and are mere allegations. An order dismissing a case for failure to state a claim upon which relief can be granted is subject to de novo review.[5] When reviewing a motion to dismiss, the Court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them.[6]

¶16 The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts.[7] A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief.[8]

¶17 After the trial court's grant of summary judgment, the parents sought to vacate it by arguing that after the accident, The Springs' President of Operations created a duty of care to third parties when he created the power point. It emphasized that bartenders, event attendants, and security officers must know their policies and enforce them for every event. The trial court rejected their argument and denied their motion.

¶18 The trial court's disposition of a motion to vacate is generally reviewed for an abuse of discretion.[9] Abuse-of-discretion is also determined by de novo review of the summary judgment order.[10]

B.

There is No Liability To Third Parties For A Voluntarily,
But Not "Over-Served" Intoxicated Adult.

¶19 It is undisputed that the parents' action against The Springs was not premised on the illegal, improper or over-service of alcohol. Even so, the parents argue that the same rationale in which the Court recognized a duty of care in Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41, 725 P.2d 300, applies to the facts of this cause. The Springs argues that Oklahoma law does not support a cause of action against a non-vendor of alcohol, nor did it voluntarily assume any duty towards third parties. Rather, it contends that it is the voluntarily intoxicated adult who is liable for any injuries they cause to third parties.

¶20 Courts may recognize a cause of action for negligence where they conclude that a defendant owed a duty of care to the plaintiff.[11] However, to successfully state a cause of action for negligence, in addition to a duty of care, there must be failure to perform that duty. Injuries to the plaintiff must be proximately caused by the defendant's failure to exercise the duty of care.[12] At common law, tavern owners were not held civilly liable for injuries to a third party caused by the acts of a voluntarily intoxicated person.[13] This is because, as a matter of law, it was the voluntary consumption by the intoxicated person which was the proximate cause of the resulting injuries.[14]

¶21 This changed in Oklahoma when the Court first modified the common law to recognize liability may exist in the context of a dram shop, (ie. a alcohol sales vendor) in Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41, 725 P.2d 300. Brigance involved a restaurant which sold intoxicating beverages illegally to a minor for on-the-premises consumption. The restaurant served the beverages to a group of minors, including the minor driver. It was alleged to have either caused the driver to become intoxicated or to increase his prior intoxication. The minor driver left the restaurant noticeably intoxicated and caused a one-car accident which injured a passenger.

¶22 The Court held that an alcohol vendor who sells intoxicating beverages for on-the-premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person. The Court stated that it was no longer unreasonable to expect a commercial vendor who sells alcoholic beverages for on-the-premises consumption to an already intoxicated person to foresee the unreasonable risk of harm to others. The duty of care was imposed by both statute and common law principles based the illegality of selling alcohol to minors, along with the duty not to subject another person to an unreasonable risk of harm.

¶23 Brigance concerned the illegally selling of alcohol to a minor. The linchpin to our imposition of a duty, at least implicitly, was factually due to the restaurant's selling or furnishing liquor to the minor. This was because the minor's previous or additional intoxication, may have lacked full capacity of self-control to operate the vehicle and injured a third party.[15] Five years later, in Ohio Cas. Ins. Co. v. Todd, 1991 OK 54, 813 P.2d 508, this Court refused to extend Brigance to an adult consumer who was injured in a one-car accident after having been served alcohol at a bar.

¶24 Recently, in MeGee v. El Patio, 2023 OK 14, 524 P.3d 1283, by a five to four decision, the majority of the Court reaffirmed the holding of Ohio Casualty Ins. Co. v. Todd. Todd held that a voluntarily intoxicated adult does not have a cause of action against a commercial vendor for personal injuries or death resulting from his or her own intoxication. The facts in MeGee were alarming. MeGee involved a restaurant patron who was alleged to have been intentionally and negligently over-served. He was allegedly allowed to drive. He was also allegedly bet $200.00 that he could not make the nearly 70 mile trip to Oklahoma City, Oklahoma, to meet again at a bar later that night. He did not make it to Oklahoma City. He was killed when his vehicle rear ended a tractor-trailer en route.

¶25 The Court reaffirmed that the commercial alcohol vendor's statutory and common law duty was to protect innocent third parties, but not the voluntarily intoxicated adult. When an intoxicated adult only injured themselves, personal accountability was required, rather than an extension of accountability to the commercial vendor. However, a third party injured by a drunk driver may state a cause of action against the commercial vendor that over-served the driver. Harm to a third party, and the act of serving to an intoxicated adult customer and allowing the customer to exit the establishment, were all key to extending a commercial alcohol vendor's duty towards innocent third parties.

¶26 Here, the key elements are missing and the circumstances are vastly different. This commercial establishment was not a tavern which sells alcohol ---- it is merely an rental event venue. While there was harm to an innocent third party, there was no act or allegation of serving or over-serving by the facility. Furthermore, the parents' allegations, taken together with all reasonable inferences which may be drawn from them, do not indicate that anyone associated with The Springs knew or should have known that: Penney was driving when he left the venue; he had access to a car; or he was visibly intoxicated when he left.

¶27 Nor should The Springs policies regarding alcohol sales and safety create such a duty -- at least not under the alleged facts.[16] To do so, would require of such businesses the onerous burden to control guests both before arrival, during visits to their property, and after leaving the facility. If a duty were created merely by event venues or other non-alcohol selling businesses implementing alcohol or safety measures without selling or serving alcohol, they would be better off not to implement any such measures. The remoteness of connection of The Springs' policies and that of Penney's alcohol consumption coupled with his own wilful, intentional misconduct, precludes us from imposing a duty of care in this cause, and it precludes the parents from recovering against The Springs.

¶28 The Court has not expanded liability towards third parties beyond a commercial tavern or alcohol vendor, nor has the Legislature addressed the question of whether a cause of action would lie against a business like The Springs. We agree that public policy, along with decent citizenry, should be to prevent or reduce drunk driving to keep people from being injured or killed. We also agree that businesses should have and enforce alcohol and safety policies to serve such a public policy. Nevertheless, placing the burden of liability to third parties on businesses such as The Springs is not provided by Oklahoma law.

¶29 Nor is this a case in which a special relationship between the intoxicated adult and the business should create such a duty.[17] Even if we were to extend any prior rationale by recognizing such a duty of care, the voluntarily intoxicated adult, as a result of his or her own intoxication, is the proximate cause of any injuries to third parties under these facts. The actions of the President of Operations of The Springs, by creating a power point to reinforce their alcohol policies and enforce them at subsequent events doesn't supersede the actions of the voluntarily intoxicated adult. Accordingly, the parents are precluded from recovering against The Springs. The trial court did not err in denying the parents' Motion to Vacate/Modify.

CONCLUSION

¶30 At common law tavern owners were not held civilly liable for injuries to a third party caused by the acts of a voluntarily intoxicated person.[18] This is because, as a matter of law, it was the voluntary consumption by the intoxicated person which was the proximate cause of the resulting injuries.[19] Although the Court has modified the common law in the context of dram shop liability, the modification does not extend to rental event venues when a voluntarily intoxicated adult attends an event but is not "over-served" by the venue or anyone affiliated with it. The trial court did not err in denying the parents' Motion to Vacate/Modify.

ORDER OF THE DISTRICT COURT AFFIRMED.

KANE, C.J., ROWE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, GURICH, DARBY, KUEHN, JJ., concur.

COMBS, J., disqualified.

FOOTNOTES

[1] On August 31, 2011, driving while intoxicated in Denton County, Texas; January 26, 2012, Driving Under the Influence in Oklahoma County, Oklahoma; January 9, 2013, Public Intoxication, Carter County, Oklahoma; October 31, 2013, Driving Under the Influence, 2nd offence, McPherson, Kansas Municipal Court; and October 23, 2018, Operating a Motor Vehicle while Intoxicated, 4th offence, 14th Judicial District Court of Calcasieu, Louisiana.

[2] On November 23, 2021, Penney pleaded guilty in the District Court of Canadian County to the charge of Murder in the Second Degree and nolo contendere to the charge of Leaving the Scene of a Fatality Accident. On February 1, 2022, the trial court sentenced Penney to serve a life sentence for the murder conviction and ten years for leaving the accident scene. The sentences run consecutively and Penney is incarcerated.

[3] The Event Contract for the wedding is attached to the July 11, 2022, Motion for Summary Judgement and Brief in Support of Defendant The Springs, LLC., as Exhibit 4. It outlines alcohol policies and provides:

ALCOHOL:

RELEASE OF LIABILITY: Client agrees to hold THE SPRINGS, its agents, employees, and officers harmless in the event of alcohol-related injuries to Client or Client's guests attending or returning from Event.

All alcoholic beverages served on THE SPRINGS premises must be served by a SPRINGS preferred vendor bartening company, n independently contracts, ABLE licenses and insured bartending firm.

BYOP setups are not permitted on THE SPRINGS property. Alcoholic beverages may not be consumed in the parking lot.

All underage drinking is strictly prohibited on THE SPRINGS premises, even when provide by parents to their children.

Client is permitted to have alcohol served by licensed and insured bartender up to six hours for Event. No shots are allowed.

The serving of alcoholic beverages will cease by 11:00 p.m.

Per State Law, no alcoholic beverages can be stored overnight on THE SPRINGS premises.

No alcohol can be served or consumed until the authorized bartender is present.

Non-compliance of any alcohol policies will result in forfeiture of damage deposit.

No alcohol of any kind can be delivered or brought into the venue until two hours prior to the bartender arriving.. . .

[4] The Event Contract also provided in pertinent part:

. . .THE SPRINGS reserves the right to eject or cause to be ejected from the facilities any objectionable person or persons. . .The term 'objectionable person' shall include those persons who by virtue of disorderly conduct, drunkenness, disruptive behavior, violation of the THE SPRINGS policies, or violation of local, state or federal laws, make the normal and proper conduct of business or the enjoyment of the Event difficult or impossible for others.

[5] Harwood v. Ardagh Group, 2022 OK 51, ¶14, P.3d 473; Tuffy's Inc. v. City of Oklahoma City, 2009 OK 4, ¶6, 212 P.3d. 1158; Gens v. Casady School, 2008 OK 5, ¶8, 177 P.3d 565.

[6] Harwood v. Ardagh Group, see note 5, Tuffy's Inc. v. City of Oklahoma City, see note 5, supra; Gens v. Casady School, see note 5, supra.

[7] Harwood v. Ardagh Group, see note 5, Tuffy's Inc. v. City of Oklahoma City, see note 5, supra; Gens v. Casady School, see note 5, supra.

[8] Harwood v. Ardagh Group, see note 5, Tuffy's Inc. v. City of Oklahoma City, see note 5, supra; Gens v. Casady School, see note 5, supra.

[9] CPT Asset Backed Certificate, Series 2004--EC1 v. Cin Kaham, 2021 OK 22, ¶3, 278 P.3d 586; Washington v. Tulsa County, 2006 OK 92, ¶10, 151 P.3d 121; Ferguson Enterprises, Inc. v. Webb Enterprises, Inc., 2000 OK 78, ¶ 5, 13 P.3d 480. An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence. Patel v. OMH Med. Ctr., Inc., 1999 OK 33, ¶ 20, 987 P.2d 1185. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling. Fent v. Oklahoma Natural Gas Co., 2001 OK 35, ¶ 12, 27 P.3d 477.

[10] Andrew v. Depani-Sparkes, 2017 OK 42, ¶27, 396 P.3d 210; Reeds v. Walker, 2006 OK 43, ¶9, 157 P.3d 100.

[11] Mansfield v. Circle K. Corporation, 1994 OK 80, ¶6, 877 P.2d 1130; Busby v. Quail Creek Golf and Country Club, 1994 OK 63, ¶6, 885 P.2d 1326.

[12] Smith v. City of Stillwater, 2014 OK 42, ¶22, 328 P.3d 1192; Berman v. Laboratory Corp. of America, 2011 OK 106, ¶16, 268 P.3d 68; Smith v. Hines, 2011 OK 51, ¶12, 261 P.3d 1129.

[13] Brigance v. Velvet Dove Restaurant, Inc., 1986 OK 41, ¶8, 725 P.2d 300.

[14] Brigance v. Velvet Dove Restaurant, Inc., see note 13, supra.

[15] Regarding minors, in Tomlinson v. Love's Country Stores, Inc., 1993 OK 83, held that whether the alcohol sold to a minor was for on-the-premises or off-the-premises consumption. We later held in Busby v. Quail Creek Golf and Country Club, 1994 OK 63, 885 P.2d 1326 because a commercial vendor was prohibited by statute from selling beer to minors, if the minor was injured as a result of the vendor's negligence after consuming the beer purchased from the vendor, the minor might have a cause of action against the vendor. In Mansfield v. Circle K. Corporation, 1994 OK 80, 877 P.2d 1130, we held that the holding of Busby was not limited to on-the-premises consumption. The premise of liability for all of the "minor" cases was based upon negligence per se and the statutory prohibition against selling alcohol to minors.

[16] Without providing alcohol directly to Penney or profiting from alcohol sales to him, The Springs is more closely aligned with a social host in which no liability can be imposed. Kellog v. Ohler, 1992 OK 18, ¶¶1-2, 825 P.2d 1345.

[17] In the proceedings below, the parents also argued the rationale of cases like Harwood v. Ardagh Group, 2022 OK 51, 522 P.3d 473, and others, in which the defendant employer may have assumed a duty by taking action to thwart harm to employees crossing the street. However, a key element in the rationale of Harwood was an employer/employee relationship which does not exist here. Even if a similar or special relationship existed, in the context of alcohol consumption, it is the action of the voluntarily intoxicated adult who is responsible.

[18] Brigance v. Velvet Dove Restaurant, Inc., see note 13, supra.

[19] Brigance v. Velvet Dove Restaurant, Inc., see note 13, supra.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2023 OK 112, 
SCOTT v. FOSTER
Cited

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1986 OK 41, 725 P.2d 300, 57 OBJ 1698, 
Brigance v. Velvet Dove Restaurant, Inc.
Discussed at Length

 
1991 OK 54, 813 P.2d 508, 62 OBJ 1867, 
Ohio Cas. Ins. Co. v. Todd
Discussed

 
1992 OK 18, 825 P.2d 1346, 63 OBJ 455, 
Kellogg v. Ohler
Cited

 
1993 OK 83, 854 P.2d 910, 64 OBJ 1866, 
Tomlinson v. Love's Country Stores, Inc.
Cited

 
2000 OK 78, 13 P.3d 480, 71 OBJ 2590, 
FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed

 
1994 OK 80, 877 P.2d 1130, 65 OBJ 2334, 
Mansfield v. Circle K. Corp.
Discussed at Length

 
1994 OK 63, 885 P.2d 1326, 5 OBJ 1945, 
Busby v. Quail Creek Golf and Country Club
Discussed at Length

 
2001 OK 35, 27 P.3d 477, 72 OBJ 1185, 
FENT v. OKLAHOMA NATURAL GAS, CO.
Discussed

 
2006 OK 43, 157 P.3d 100, 
REEDS v. WALKER
Discussed

 
2006 OK 92, 151 P.3d 121, 
WASHINGTON v. TULSA COUNTY
Discussed

 
2008 OK 5, 177 P.3d 565, 
GENS v. CASADY SCHOOL
Discussed

 
2009 OK 4, 212 P.3d 1158, 
TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Cited

 
2011 OK 51, 261 P.3d 1129, 
SMITH v. HINES
Discussed

 
2011 OK 106, 268 P.3d 68, 
BERMAN v. LABORATORY CORPORATION OF AMERICA
Discussed

 
2012 OK 22, 278 P.3d 586, 
CPT ASSET BACKED CERTIFICATES, SERIES 2004-EC1 v. KHAM
Cited

 
2014 OK 42, 328 P.3d 1192, 
SMITH v. CITY OF STILLWATER
Discussed

 
2017 OK 42, 396 P.3d 210, 
ANDREW v. DEPANI-SPARKES
Discussed

 
2021 OK 22, 507 P.3d 622, 
IN THE MATTER OF THE REINSTATEMENT OF ADRIANSE
Cited

 
2022 OK 51, 522 P.3d 473, 
HARWOOD v. ARDAGH GROUP
Discussed at Length

 
2023 OK 14, 524 P.3d 1283, 
MEGEE v. EL PATIO
Discussed

 
1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, 
Patel v. OMH Medical Center, Inc.
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA